BENNINGTON,
February,
1828.

### EZRA ISHAM vs. ANDRUS EGGLESTON.

When an officer receives an execution to execute and return according to law, and, without the consent of the creditor, delivers it over to another officer, and then gives information of it to the debtor, who in consequence of the information avoids the execution, the creditor in such case may recover against the officer, to whom he delivered the execution, his just damages, in an action on the case for not serving and returning the execution.

But it is immaterial whether the officer, to whom an execution has been delivered, execute it himself, or procure it to be done by another officer to whom the execution is directed; for if performed by any one in the manner required by law, and without prejudice to the creditor, he cannot recover.

The plaintiff in such case may show on trial, without any allegation to that effect in his declaration, that the execution failed of service, and he has sustained damage, by reason of the defendant's not retaining the execution in his hands, or in consequence of some act or omission of duty in regard to it, for which he would have been liable if he had retained it.

This was an action on the case to recover damages for the default of the defendant, in his office of constable of *Danby*, in not executing a writ of execution in favor of the plaintiff against *William Hitt* and *Jonathan F. Barrett* of said *Danby*. Plea, *general issue.*

At the trial in the county court, the plaintiff proved that on the 15th day of July, 1825, he, by his attorney, delivered to the defendant an execution against the said *Hitt* and *Barrett*, for $639, 29 damages, and $9 48 cost, directed to the sheriff of *Rutland* county, his deputy, or either constable of *Danby*, and dated June 20, 1825. It appeared that at the time the execution was delivered to the defendant, and during the whole life of it, the said *Barrett* was confined in jail, in *Rutland*, without the said town of *Danby*, and it did not appear he had any property. It also appeared in evidence that *Hitt* resided in *Danby* on a farm lying partly in *Danby*, and partly in *Mount-Tabor*, in *Rutland* county, and that he was also destitute of property. The day after the defendant received the execution he delivered it over to *Jacob Edgerton*, jr. a deputy sheriff of the county of *Rutland*, to be by him executed ; who afterwards, on the 23d day of July, 1825, committed the said *Barrett* to jail, and within the life of said execution returned it to the office of the clerk of *Bennington* county court, from whence it issued. He also returned that he had made diligent search for said *Hitt*, and could not find his body nor property. There was no evidence that the defendant, while the execution was in his hands, had seen either the body or property of *Hitt*.

The plaintiff offered to give in evidence, that in a conversation between the defendant and *Hitt*, a few days after the execution had been delivered to the deputy sheriff, the defendant informed

BENNINGTON,
*February,*
1828.

Isham
*vs.*
Eggleston

*Hitt* that the execution had passed through his hands into the hands of the said deputy sheriff; which evidence was objected to by the defendant, but was admitted by the court.

The defendant, to support the issue on his part, offered to show by the said deputy sheriff, that the defendant delivered over the execution to him, at *Danby,* on the 16th day of July, A. D. 1825, to levy, serve and return according to law, and that the defendant, at the same time, assigned reasons for delivering over the execution to the said deputy sheriff, and what the said reasons so assigned were; that the defendant, at the same time, gave the said deputy sheriff instructions, in regard to levying the execution, and what the said instructions were; and that the said deputy sheriff had made use of the greatest diligence to arrest *Hitt* on said execution : which evidence was objected to by the plaintiff, and rejected by the court.

The defendant requested the court to instruct the jury, that the defendant had a right, before he saw *Hitt* or *Barrett,* or any property belonging to them, or either of them, upon which, by the use of reasonable diligence, he could have levied the said execution, to deliver the same over to the said deputy sheriff, to be levied and served by him. But the court refused so to instruct the jury; but charged them, That it was not necessary for the court to decide whether a constable might deliver over an execution to another constable or sheriff to levy and serve, if he had good reason for so doing : but as the defendant had shewn no reason for delivering over the execution to the deputy sheriff in the present instance, he was not justified in delivering it to him. The defendant further requested the court to charge the jury, that provided the execution was delivered over by the defendant to the deputy sheriff, before the defendant had reasonable means of arresting *Hitt* or *Barrett,* or levying the same on their property, and before he had seen them or their property, and provided also, the execution was afterwards faithfully, properly, and legally served and executed by the deputy sheriff,—this was a sufficient defence in this action, whether the execution was satisfied, or returned *non est inventus,* and unsatisfied. But the court refused so to instruct the jury; but instructed them, That this might not be a justification to the defendant without a collection of the debt, or committing *Hitt* to jail, though it might be sufficient to justify the deputy sheriff. The court further charged the jury, That if they believed the fact of the execution's being in the hands of the deputy sheriff, was communicated by the defendant to *Hitt,* and that *Hitt* in consequence of such communication kept out of the way of the deputy sheriff, it was their du-

BENNINGTON,
February,
1828.
_____
Isham
vs.
Eggleston.

ty to give the plaintiff such damage as he had sustained by reason of *Hitt's* so keeping out of his way.

The jury returned a verdict for the plaintiff.* The defendant filed a bill of exceptions, stating the foregoing facts, and thereupon the cause was removed to the Supreme Court.

*Bennett and Aikin, for the defendant.*—1. The defendant contends that he had a right before he had seen *Hitt* or *Barrett*, or the property of either of them, and before he had had a reasonable opportunity to levy the execution, to deliver it over into the hands of *Edgerton*, the deputy sheriff. On the delivery of the execution to *Egglseton*, no contract expressed or implied arose, that he would personally serve it. An official duty alone arose, for a neglect of which, accompanied by an injury, the plaintiff might sustain this action.—1 *D. Chip*.164.—And the same official duty devolved on *Edgerton* on his receiving the execution, and the same liabilities to the plaintiff in case of neglect. May not a sheriff deliver over a process to be served to his deputy, or the deputy to a sheriff, or to another deputy? and if so, how do these cases differ from the present? May not cases occur, where it is not only the right, but the *duty*, of a constable to deliver over process in his hands for service, into the hands of another officer to serve?

But if the Court should be of opinion that the defendant cannot be justified for handing over the execution to the deputy sheriff, without showing good reasons therefor, then the county court erred in not permitting the defendant to show the reasons for his delivering over the execution, as assigned by him at the time of the delivery of the same, they forming a part of the *res gesta*.—1 *Aik*. 43.

Again, the court erred in another respect, in that they undertook to decide a question of fact. They instructed the jury, among other things, *that as the defendant had shown no reasons for delivering over the execution to the deputy sheriff, in the present instance, he was not justified.*

2. But whatever may be the opinion of the Court as to the right of the defendant to deliver over the execution to the deputy sheriff, *in the abstract,* we contend, at all events, he may be justified, *by the event.* To give the plaintiff a right of action, there must be not only a neglect of duty in the defendant, but a damage must thence ensue to the plaintiff.—2 *Lev.* 85.—4 *T. R.* 611.—*Ham. N. P.* 345.—1 *Greanleaf's R.* 68.—If the defendant delivered over the execution to the deputy sheriff, before there was any neglect of duty on his part, and the deputy sheriff after-

* It does not appear from the exceptions, nor from any part of the case, for what amount the verdict was rendered.—*Ed.*

wards, faithfully, legally, and properly served the same, there

was no neglect of duty any where. We say further, that if the plaintiff had the benefit of his execution, as far as he could have it, by a faithful, legal, and proper service of the same, he sustained no damage. If the execution was returned *non est* as to *Hitt*, still his bail was charged.

3. The defendant offered to prove that the deputy sheriff made use of the *greatest diligence* to arrest *Hitt* on the execution, which evidence was rejected by the court. If it was competent for the plaintiff to urge the neglect of the deputy sheriff to arrest *Hitt*, to charge the defendant, most clearly it was competent for the defendant to show that the deputy sheriff made use of every effort to arrest him.

*Isham for the plaintiff.*—It is insisted by the plaintiff in this case, that the trust to the sheriff or constable is a personal trust, and the authority committed to them is not transferable from one to the other. It cannot be denied that when an execution is delivered to either, if he sees the defendant, and in such a situation that he can arrest him during the life of the execution, it is his duty to do so ; and the execution being out of his possession is no excuse for him. There is no law authorizing the delivery of an execution from one sheriff to another, save in cases of removal of the former sheriff, and a new one appointed in his room ; which doctrine does not affect the present case. The duties of the sheriff and constable are pointed out to each. The constable is responsible for his own acts; the sheriff for himself and deputy. If a sheriff have an execution to execute, he may deliver it to his deputy ; for it is the same as if he had executed it himself. But he cannot deliver it to a constable, for he is not responsible for the act of the constable, as his deputy. So a constable cannot deliver an execution to a sheriff or his deputy ; but must execute the process himself.

There are no authorities on this point ; for it never was presumed that such a case could exist as handing from one officer to another. It is sufficient for us to show that, during the life of the execution, the defendant saw, conversed with, and could have arrested, the defendant, *Hitt*, but did not; and it is immaterial whether his execution was burnt up by him intentionally, or given to some other person. Moreover, it is evidence of some thing worse, when it appears that the very next day after receiving the execution, he delivered it to *Edgerton*, and within one or two days after, informed *Hitt* that the execution had passed through his hands to *Edgerton* ; so that *Hitt* might be on his guard, and secrete himself, or remove himself away.

BENNINGTON,
February,
1828.

Isham
vs.
Eggleston

Every officer should return the process delivered to him; and should no return be made, or a false return, he must be responsible. And even in cases where the term of office expires, and the sheriff may deliver over to the successor, the return on the process must be made by the first sheriff.—4 *East.* 604.—The whole doctrine, as it relates to sheriffs not returning or executing a process delivered to them to execute, applies in this case. A sheriff may always execute his office until a new one be appointed, and he is obliged to do so while he holds the office. Same doctrine as to a constable. If the execution had never been delivered over to the deputy sheriff, what would have been the responsibility of the constable? And how can he discharge himself by his own act, unless it be in the way of his duty? For it is his unlawful acts alone that we complain of, or an omission to do his duty. But the defendant objects that we attempted to prove that the constable received the execution on the evening of the 15th July, 1825, and the next morning delivered it over to *Edgerton*, and immediately informed the defendant, *Hitt*, that the execution was out, and had passed through his hands to *Edgerton*. What if the defendant had a right to deliver over the execution to the deputy sheriff? he had no right to give notice to *Hitt*, so as to evade the vigilance of the officer. They say they offered *Edgerton* to testify, and that he was rejected; and so he ought to be; but still it does not appear what they wished to prove by him.

PRENTISS, J. delivered the opinion of the Court.—This action was brought to recover damages for the neglect or default of the defendant, in his office of constable of *Danby*, in not executing and returning a writ of execution, delivered him, in favor of the plaintiff and against *William Hitt* and *Jonathan F. Barrett* of *Danby*. The defendant, the day after he received the execution, delivered it over to a deputy sheriff, who returned it into the clerk's office in due time, with a return thereon, that he had arrested *Barrett* and committed him to gaol, and had made dilligent search, but could find neither the body or property of *Hitt* within his precinct. *Hitt*, at the time the execution was delivered to the defendant, resided in *Danby*, but had no ostensible property, either real or personal, to satisfy the execution; and *Barrett* was then confined in gaol, and was destitute of property. Proof was admitted on the part of the plaintiff, though objected to, that the defendant, a few days after he had delivered over the execution to the deputy sheriff, gave information to *Hitt* that the execution had passed through his hands into the hands of the deputy sheriff.

BENNINGTON
February,
1828.

Isham
vs.
Eggleston.

The defendant offered, but was not permitted, to shew, that at the time he delivered over the execution, he assigned reasons for so doing, and *what,* as the language of the exceptions is, *the reasons assigned were* ; and that the deputy sheriff had used the greatest diligence to arrest the body of *Hitt.* The questions to be decided in the case, arise upon the rejection of the proof thus offered by the defendant ; upon the admission of the testimony given on the part of the plaintiff and objected to by the defendant ; and upon the instructions given to the jury, connected with the requests made to the court on the subject by the defendant's counsel.

As the reasons for which the execution was delivered by the defendant over to the deputy sheriff are not stated in the exceptions, it does not appear that the evidence respecting them, which was offered by the defendant, was at all material ; and unless it appears, affirmatively, to have been material, it must be taken to have been properly rejected. And the evidence that the deputy sheriff had been diligent in his endeavours to arrest *Hitt,* cannot be considered material, so long as it appears from the exceptions that no negligence was imputed to him.

Whether the evidence given on the part of the plaintiff, that the defendant communicated to *Hitt* information that the execution was in the hands of the deputy sheriff, was admissible, and whether the court below was bound, in its directions to the jury, to comply with the requests made by the defendant's counsel, are questions involved in, and may be considered as depending upon, the inquiry, whether the instructions given to the jury were such as the law applicable to the case required. The only request necessary or material to be noticed, is that by which the court was called upon to instruct the jury, that if the defendant delivered over the execution to the deputy sheriff, before he had opportunity to take the bodies or property of *Hitt* and *Barrett,* and the execution was faithfully executed and returned by the deputy sheriff, it was a sufficient defence to the action, whether the execution was returned satisfied or unsatisfied. The court instructed the jury, that it might not be a defence, without a collection of the debt, or commitment of *Hitt* to gaol ; and that if they believed that the fact of the execution being in the hands of the deputy sheriff was communicated by the defendant to *Hitt,* and that *Hitt* by reason of such information had avoided the deputy sheriff, the plaintiff was entitled to recover such damages as he had sustained in consequence of *Hitt's* avoidance of the execution, and the failure to arrest his body upon it. These instructions, taken together, were adapted to the facts proved in the case, and shew the ground on which the cause was submitted to the jury. The latter clause of the instructions pre-

sents the point upon which the cause turned, and on which it must be taken that the jury found in favor of the plaintiff; and if the direction on this point was right, it follows, not only that the evidence on which it was predicated was correctly admitted, but that the instruction which the defendant's counsel requested to be given to the jury was properly refused. It is said that the direction to the jury was wrong, because the defendant had a right to deliver over the execution to the deputy sheriff; and the evidence of his giving information of the fact to *Hitt,* though it had the effect to enable *Hitt* to avoid the deputy sheriff and defeat the execution, would not support this action, which is a general action for not executing and returning the execution, but the matter if available to the plaintiff, should have been stated specially in his declaration.

It is true, that the gist of this action is the neglect or failure to execute the writ of execution, in the manner in which it should have been executed; and it is quite immaterial by whom it was executed, provided every thing was done which the plaintiff was entitled to have done. Whether the defendant performed the service himself, or procured it to be done by another officer, to whom the execution was directed, would be of no importance; for if performed by any one in the manner required by law, and without prejudice to the plaintiff, it would be a complete answer to the action. But when a creditor delivers an execution to a particular officer, and he does not serve and return it, the creditor has a right to bring an action, and declare against him for not serving and returning the execution : and if the officer would excuse himself by shewing that he had delivered the execution over to another officer, who had returned it in due time, but unsatisfied, the creditor may shew, without any allegation to that effect in his declaration, that the execution failed of service, and he has sustained damage, by reason of the defendant's not retaining the execution in his hands, or in consequence of some act or omission of duty in regard to it, for which he would have been liable if he had retained it. The creditor has a right to look to the officer to whom he has committed the execution, either for the money which may have been collected upon it, or for any damage which may have accrued to him from negligence in the service or return of it; and he is not bound to anticipate, in his declaration, the fact of the execution being delivered over to another officer, with whom he never entrusted it, or the doings of such officer upon it. If this is brought in as a defence to the action, the creditor may shew any loss he has sustained in consequence of the execution being thus delivered over to an officer to whom he never gave any authority

over it, by way of obviating the defence set up. In the present case, the plaintiff had a right to shew, that the defendant, after he had delivered the execution over to the deputy sheriff, informed *Hitt* of the fact; and if the information so given by the defendant to *Hitt*, was the cause of *Hitt's* avoiding the deputy sheriff, and of the execution being returned *non est inventus* as to him, the plaintiff was entitled to recover, and the jury were properly directed to give such damages as he had sustained in consequence of it. If the execution had been served upon *Hitt* as well as *Barrett*, the plaintiff would have had no ground of complaint. But it was returned without service upon *Hitt;* and if this was occasioned by the defendant's putting the execution out of his hands into the hands of the deputy sheriff, and giving information of it to *Hitt*, it was an injury to the plaintiff for which he ought to have a remedy. Where an officer sends notice to a debtor against whom he has an execution, to give him an opportunity to avoid him, and then returns *non est inventus*, he is liable for a false return. *(Beckford vs. Montague, 2 Esp. Cas.* 476.) The injury to the creditor is certainly no less, where an officer, who has received an execution, without the consent of the creditor, delivers it over to another officer, and then gives information of it to the debtor, who in consequence of the information avoids the execution. Such a practice cannot be tolerated, and the creditor in such case may recover against the officer, to whom he has delivered the execction, his just damages, in an action for not serving and returning the execution.

Judgment affirmed.

*Isham*, for plaintiff.
*Bennett* and *Aikin*, for defendant.