## LAFONTAINE *v.* GREENE *et al.*

WHERE, in an action to recover specific personal property, plaintiff relied exclusively upon his possession at the time of the taking by defendant; and defendant, having first established a *prima facie* title sufficient to destroy the presumption of title in plaintiff arising from his possession, then went further and showed—plaintiff excepting—that plaintiff obtained the property by proceedings under a void judgment: *Held,* that the introduction of this further evidence by defendant, showing the invalidity of the judgment, was of no advantage to him—as he had already rebutted plaintiff's case based solely on possession—and hence that it did not prejudice plaintiff, and is no ground of error.

Under sections six hundred and one and six hundred and two of the Practice Act, a Constable may serve an execution out of his township.

APPEAL from the Ninth District.

Suit against Greene and Potter for certain personal property, to wit: a billiard table, and the fixtures, liquors, etc., of a saloon.  The complaint averred, among other things, that February 13th, 1860, " plaintiff was the owner and in possession of " the property, etc., and that defendants, by force, took the same.

The answer, after denying the allegations of the complaint, averred that on the thirteenth of February, 1860, and for six months prior thereto, one Hall was the owner of the property, and that on the sixteenth day of January, 1860, Hall being indebted to one Bostwick, confessed judgment in his favor for seventy-five dollars; that on the judgment thus entered by Justice Pierson, of

Yreka township, execution was issued, and under it the property in question was levied upon on February 13th, 1860, by defendant Potter, the deputy of defendant Greene, the Constable, and by him sold to Bostwick, on the twenty-fifth of the same month.

On the trial, plaintiff introduced as a witness Potter, who testified in substance that he was Deputy Constable for Yreka township, under defendant Greene ; that he levied on the property in Frenchtown, Humbug township, under an execution upon the judgment in favor of Bostwick against Hall, in this way, to wit : he went to the building where the property was, in company with plaintiff Lafontaine, where they had some conversation about the property ; that he, Potter, told Lafontaine he wanted to see some property, naming it, when Lafontaine said he had purchased it at a Constable's sale, made by one Keating, Constable of Humbug township, without mentioning under what judgment, and that he owned it and had paid for it; that Lafontaine had the key of the building, and at request of witness opened the door, when both of them went in, and witness told Lafontaine that he, witness, would levy on the property and take possession thereof, and did so—Lafontaine protesting. The witness subsequently sold the property on the execution. Plaintiff then put in evidence the judgment in *Bostwick* v. *Hall*, proved value and rested.

Defendants introduced in evidence, from the docket of Knider, Justice of the Peace for Humbug township, a judgment in favor of plaintiffs in the suit of *Livingston & Bloomingdale* v. *Hall*, from which it appeared that personal service of the summons was not made on Hall, but upon his employé or agent—plaintiff objecting to the evidence on various grounds not material to be stated. Defendants proved by the Constable in Knider's Court, that on the sixth day of February, 1860, he sold the property in question, under execution on the judgment in the last named case, to plaintiff Lafontaine, and delivered it to him.

The Court below gave judgment for defendants on two grounds, as appears from its opinion in the record : 1st, that the Constable Greene, or his deputy Potter, had power to serve the execution in the case of *Bostwick* v. *Hall* out of his township, and hence that the levy and sale made by them to Bostwick was valid. 2d, that

the point relied on by plaintiff, that possession is ownership, is not good; that possession is only *prima facie* evidence of ownership, and higher title shown will defeat the action based on possession; that here plaintiff averred both ownership and possession, and this being denied, must be proven, and that plaintiff having proven possession only and not ownership, defendants could show that plaintiff held under a void judgment (which they did, there being no personal service in the case of *Livingston et al.* v. *Hall*); and that defendants having shown a valid judgment and execution, must defeat the title relied on by plaintiff; for, in the language of the Court below, " although plaintiff does not, in words, plead a title from Hall, yet it is shown that such was his only title, and the same being void, defendants could show a valid title, which took precedence over and justified the taking. Had there been fraud or other unlawful means, the case would have been different."

Plaintiff appeals.

*Robinson & Beatty*, for Appellant.

The Court *a quo* erred in admitting evidence to show that the plaintiff held the property under a void judgment.

The Court erred in admitting the book of the Justice, or what purported to be such, to show the return of the Constable on the summons in *Livingston & Bloomingdale* v. *Hall*.

The Court erred in holding that a Constable could serve process out of his township.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action to recover specific personal property. The *prima facie* title established by the defendants was sufficient to destroy the presumption of title in the plaintiff, arising from the fact of possession. The defendants did not strengthen their case by going further and showing that the plaintiff obtained the property by proceedings under a void judgment. The plaintiff did not attempt to establish a title under this judgment, but relied exclusively upon the fact of his possession at the time of the taking by the de-

fendants.  The introduction of evidence showing the invalidity of the judgment was, therefore, of no advantage to the defendants, and of course did not prejudice the rights of the plaintiff.

There is nothing in the point that a Constable cannot serve an execution out of his township.  To so hold would be to deny effect to sections six hundred and one and six hundred and two of the Practice Act.  The case in this respect is different from that of *Lowe* v. *Alexander* (15 Cal. 296).  The question there related to the service of a summons, and the decision was based upon the language of the second section of the Act of April, 1850, prescribing the duties of Constables.  There was no other statute affecting the point in controversy.

Judgment affirmed.