LEONARD DIX v. W. J. BATCHELDER AND TOWN OF PLAINFIELD.

*Constable, Town Liable for Neglect of. Prepayment of Constable's Fees. R. L. s.* 851.

1. A constab'e duly empowered by vote of a town to serve process throughout the State is under the same obligations as a sheriff to legally serve a writ which he has received and agreed to serve, though the *service is to be made beyond the limits of the town electing him;* and, on failure to make such service, he and the town are liable in damages.

2. If an officer receives a writ without objection in regard to the prepayment of his fees, the presumption arises that the fees were either tendered or paid, or their prepayment waived.

3. The constable accepted the writ and agreed to serve it; but instead of that he gave it to a person, supposing him to be a deputy sheriff, but who, in fact, was not, which person, after pretending to make service returned it to the plaintiff's counsel, who entered it in court, but without knowledge of the defective service. This did not release the constable. There was no adoption of the act.

4. A question cannot be raised in the Supreme Court if it does not appear to have been made in the County Court.

5. R. L. s. 851, Acts of 1879, No. 32, and Gen. St. c. 15, s. 81—duty and liability of constables,—construed.

6. A statute, extending the jurisdiction, by implication, extended the duties and obligations, of constables.

CASE for neglect of the defendant, W. J. Batchelder, as constable of the town of Plainfield, in serving a writ in favor of the plaintiff against R. E. Peabody & Co. Jury Trial, September Term, 1881, REDFIELD, J., presiding. Verdict for plaintiff.

It appeared on trial that the plaintiff, residing in Washington County, procured a writ in his favor against R. E. Peabody & Co., a company doing business in Caledonia County, and having no property in Washington County, and no member of said firm resided in Washington County; that he sent the writ by his brother, Orville Dix, to defendant, Batchelder, to serve; that defendant B. gave it to one C. T. Batchelder, who, he supposed, was a deputy sheriff, to serve it; that said C. T. Batchelder pretended to make service on Peabody & Co.; that he then returned the writ to the plaintiff's counsel, with his name signed to the re_

turn as deputy sheriff; that said counsel entered the same in court, and the plaintiff obtained judgment upon the writ; that an execution was issued and returned with an officer's return thereon of *nulla bona ;* that defendant B. was constable and the defendant town had voted to give him the jurisdiction of the State in serving process; and that the said C. T. Batchelder was not a deputy sheriff.

The plaintiff claimed, and gave evidence tending to prove, that defendant B. accepted the writ and agreed to serve it; and that Peabody & Co. had sufficient property to secure his debt. The defendant claimed and gave evidence tending to prove that when the writ was brought to him he refused to serve it, and that no fees were tendered him for serving the same; that he informed the said Orville that he was unacquainted with serving writs, &c. ; that thereupon the said Orville told him to hand the writ to said C. T. Batchelder to serve, and that he did so with instructions to secure the debt; and that both parties supposed he was a deputy sheriff. The defendant requested the court to charge the jury :

"1st. That the defendant, W. J. Batchelder, was under no legal obligation to serve the writ offered to him by Orville Dix, the agent of the plaintiff, in favor of the plaintiff against the firm of R. E. Peabody & Co., as neither of the members of said firm nor their property was within the county of Washington, and the defendants would not be liable for his refusing to serve the same.

"2d. That although it would have been the duty of the defendant Batchelder to have served said writ if the plaintiff had taken the proper steps, yet if the defendant Batchelder refused to serve the writ when it was offered to him, that the plaintiff would have to either pay or tender him reasonable fees for serving the same before the defendant Batchelder would be liable for not serving the same."

The counsel for the plaintiff argued to the jury in closing the case for the plaintiff, that the defendant Batchelder was under legal obligation to serve said writ, although the service had wholly to be made outside of the county of Washington, and the counsel for the defendant claimed that the court should instruct the jury as to the law upon that point as bearing upon the question as to. whether the defendant in fact agreed to serve said writ as claimed by the plaintiff,

The court instructed the jury that if Orville Dix delivered the writ in question to the defendant Batchelder, and said Batchelder agreed to serve the writ, and he afterwards delivered it to C. T. Batchelder to serve without the consent of the said Orville, then the defendants would be liable; otherwise the defendants would not be liable. The court refused to charge as requested aforesaid except to charge that defendant would not be liable unless he received the writ to serve and agreed to serve it.

· *J. A. & G. W. Wing* and *Heath & Carleton*, for the plaintiff.

*S. C. Shurtleff* and *O. L. Hoyt*, for the defendants.

The opinion of the court was delivered by

VEAZEY, J. The only questions now insisted upon arise upon the defendants' requests and the charge of the court in respect thereto. It is claimed that a constable cannot be compelled to serve process beyond the limits of the town electing him, although his jurisdiction has been extended by vote throughout the State as provided it may be. Acts of 1879, No. 32; Revised Laws, s. 851. In another form, it is claimed that constables are not under the same obligations as sheriffs, to serve process except within the limits of the town electing them; and that a vote to extend their jurisdiction throughout the State only confers a right without imposing a duty; and that as the defendants in the writ, which it is here charged the defendant Batchelder as constable without cause neglected to serve, resided in another county and had no property to be attached in the county where the constable resided and where the writ was returnable, he was under no legal obligation to serve it; and that therefore if he undertook to serve it his town is not responsible for his neglect, its liability arising in such case only where the constable refuses to perform some duty imposed by law. It is also claimed that the Revised Laws changed the substance as well as the language of the statutes as to the obligation of constables to serve process. This was not intended, as the report of the revisers shows. But as the defendants' argument is based on the

language of the General Statutes, which were in force when this case arose, we should refer to the provisions therein. By express provision sheriffs were obliged to receive and serve writs, &c. Gen. Sts. c. 15, s. 81. As to constables the provision was as follows:

" Each constable, within the town for which he is elected, may serve any writ or precept, issuing from any court or authority in this State, except writs to which he is a party. \* \* \* And shall have the same powers, *within such town*, and be under the same liabilities, and subject to the same penalties, as sheriffs in their respective counties." Gen. Sts. c. 15, s. 79.

Section 81 of the same chapter provided for an extension of jurisdiction, and this was amended in 1879. Act No. 32 was to give them jurisdiction as to all processes, civil or criminal, throughout the State, returnable within the county where the constable resided, provided the town electing him so voted. This vote was taken as to the defendant Batchelder.

It is insisted that the words in the statute, "within such town," italicised above only for convenience of reference here, are words of limitation as to the powers and obligations of constables, restricting their exercise within the town. We think they are but repetition of the same words in the first line of the statute, and may be dropped out as they were in the Revised Laws without altering the sense.

That section only purports to confer jurisdiction within the town, and in specifying that the power and obligations and penalties of a constable should be those of sheriffs, in the service of process, it could have reference only to the extent of his jurisdiction. But when afterwards the jurisdiction was extended without further provision as to powers and obligations, they were impliedly extended with the jurisdiction. It is not contended that constables were not under the same obligations as sheriffs to serve process within the town. The contention is that the effect of the extension of jurisdiction of a constable was to create a right to serve process anywhere within the State, but not to create an obligation in that respect. We fail to find this distinction anywhere suggested in the reported cases. Under the rule estab-

lished in this State that an officer cannot excuse himself from the service of process because it is erroneous, but is bound to execute it unless absolutely void, the court has always made the application to constables indifferently with sheriffs, and nowhere is a distinction alluded to. *Stoddard* v. *Tarbell*, 20 Vt. 321; *Isham* v. *Eggleston*, 2 Vt. 270; *Chase* v. *Plymouth*, 20 Vt. 469. The statutory form of the address of processes is, "To any sheriff or constable," &c. We think the intent and effect of the statute in conferring the *same powers* under the *same liabilities*, and subject to the *same penalties*, as in case of sheriffs, was to put constables on the same footing with sheriffs as to their obligation to receive and serve any process which they have the right to serve; and that this is according to the professional understanding and general practice since the statute was passed nearly a hundred years ago. The phraseology of the early statutes and the history of the legislation in respect to constables, sustain this view. See marginal references to the statutes in section 851 of the Revised Laws. The defendants were therefore not entitled to have their first request complied with. The court did comply with the second request, and went further even than the request called for.

In *Carlisle* v. *Soule*, 44 Vt. 265, it was held that if an officer receives a writ without objection in regard to the prepayment of his fees, he thereby waives such prepayment, and is bound to serve the writ the same as though the fees had been prepaid; and that a presumption arises from an acceptance of the writ that the fees were either tendered or paid, or their prepayment waived. In this case the court instructed the jury that the defendants would not be liable unless Batchelder received the writ to serve *and agreed to serve it*. If he received the writ to serve without objection and could have served it, the fact that he turned it over to another person to serve would not relieve him from liability to the creditor for damage accruing from negligence in the service or return of it. *Isham* v. *Eggleston*, 2 Vt. 270.

The defendants further claim that the plaintiff and his counsel having accepted the writ from the person who served it and entered it in court, thereby adopted what had been done, and that

Dix *v.* Batchelder.

this would release the constable to whom the writ was delivered by the plaintiff.

It does not appear that this question was made in the County Court, therefore it cannot be raised here. But if properly before this court, there is nothing in the bill of exceptions to show that the plaintiff or his counsel acted with knowledge of the defect in the service, which appears to have consisted of the fact that the person who served the writ as a deputy sheriff was not such officer. On the other hand it would seem that they supposed he was a duly commissioned officer. It is immaterial whether a writ is served by the officer to whom it was delivered or by another officer, provided there is due service. And where the service of the writ is performed by any one, duly authorized, in the manner required by law and without prejudice to the creditor, he has no claim against the officer to whom it was delivered. *Isham* v. *Eggleston, supra.*

The other points of exception are not now urged.

Judgment affirmed.