THE TOWN OF IRVINGTON, FOR THE USE OF THE WARRANTY BUILDING AND LOAN ASSOCIATION, A NEW JERSEY CORPORATION, PLAINTIFF, v. SAMUEL DUBROW AND COMMERCIAL CASUALTY INSURANCE COMPANY, A NEW JERSEY CORPORATION, DEFENDANT.

Decided May 31, 1932.

For the plaintiff, *Emil H. Block.*

For the defendant, *Williams & Leonard.*

HARTSHORNE, J. This is a test case submitted to the court sitting without a jury on facts not in dispute upon the determination of which depends a series of other similar controversies, the issue being whether a constables' bond covers his admitted defalcation on the collection of a District Court execution outside the limits of the town where has was elected or appointed. Such levies are in common practice throughout the state, but the research of counsel and of the court have thus far failed to reveal a previous determination of this question by the courts of this state. The objections to such coverage are (1) that the plaintiff for whose use the suit is brought is not entitled to enforce the bond; (2) that the levy of an execution is no part of his official duties as constable of the town covered by the bond, and (3) what is most important of all from its practical standpoint, that a town constable cannot lawfully levy under an execution outside the town limits.

The first objection is based upon the provision of the statute, the Constables' act, section 1 (2 *Comp. Stat., p.* 1527), authorizing the bond to be entered into with the "inhabitants of the township," the fact being that the Warranty Building and Loan Association, for whose use the suit is

brought, has its registered office in the city of Newark, not in the town of Irvington, where the defendant Dubrow was appointed. But this very section provides that the bond shall be entered into "to the inhabitants of the township in their corporate name and capacity," the bond in question reading to "the town of Irvington." The Constables' act is clear that the town is a mere nominal plaintiff and that "any person or persons" may sue on the bond. See sections 2, 3 and 5.

As to the second objection that it is no part of the defendant Dubrow's official duties as constable of the town to levy an execution, the words of the bond are pertinent, conditioning same upon the constable's faithfully performing "all the duties enjoined on him as constable of said town." Defendant's claim is that this covers only duties which the town itself in its corporate capacity enjoins upon him. While it is true that there are certain duties of this character, such as the collection of personal tax warrants, which the constable may be required to perform, the performance of such duties are rare, while the levy of executions by him comprises much of his work. Such levies not only are now enjoined upon him by law, but have been so enjoined upon constables in this state at least as early as the year 1818. We find in the act constituting courts for the trial of small causes passed in that year (Revision of 1821, page 629, section 3), "that the constables of the several townships in such county shall be the ministerial officers of the said court and that it shall be the duty of said constables to execute within the county all * * * writs and other process issuing out of the said court * * *." We further find in the District Court act (2 *Comp. Stat., p.* 1955, § 5), that "the ministerial officers of such court shall be a clerk and such of the constables of the city or county wherein such court may be established as the judge thereof may designate." By section 29 of such act the jurisdiction of this court is made county-wide, and by sections 58 and 201 the constable is to be penalized if he fails to execute any writ, including that of an execution, directed and delivered to him.

Furthermore, in the Constables' act itself provision is not merely made for suit on the constable's bond "by any person or persons by reason of any neglect or default of the said con-

stable in his official duties" (section 3, *supra*), but by sections 7 and 8 of such act the surety on such bond is specifically authorized to recover "all moneys in the hands of any person or persons collected by said constable on any execution or process and which at the time of his absconding or insolvency or incapacity, as aforesaid, were not paid over to the plaintiff or person entitled to the same." Our legislature had in mind and provided for this very situation.

Clearly, therefore, levies under writs of execution are enjoined upon these constables as part of their official duties. Note that the bond does not cover such official duties as are performed "for the benefit of the town" or only duties enjoined on him "by the town." The bond is conditioned for the performance of *"all* duties enjoined on him *as constable* of said town,*" the reference to the town being clearly necessary as *descriptio personæ*.

The final objection raised is that no constable is authorized to levy under an execution outside the limits of the town where he is elected or appointed and that the levy in this case was in Newark and, therefore, the constable was not bonded in that respect. But this runs counter to the authority of our constabulary in this state from the earliest times. In the Small Cause act of 1818, above quoted, the legislature has expressly authorized "constable to execute within the county." The provisions of the District Court act, above referred to, making the constable a ministerial officer of the court, compelled to execute the process of the court, clearly implies his authority to execute such process throughout the county-wide jurisdiction of the court. While there is some conflict in the authorities, such is, in fact, the general rule, at least in this country. 35 *Cyc.* 1538; *People* v. *Garey,* 6 *Cow.* (*N. Y.*) 647; *Lafontaine* v. *Greene et al.,* 17 *Cal.* 294; *Norfleet* v. *Southall,* 7 *N. C.* 189; *Dix* v. *Batchelder and Town of Plainfield,* 55 *Vt.* 562.

This is in nowise contrary to *Dunham* v. *Solomon,* 16 *N. J. L.* 50, since the court there holds that "the marshal of the city of Perth Amboy is not a constable," and cites the charter of the city authorizing the marshal to act, as expressly confining their powers "within the said city."

Judgment may be entered for the plaintiff.