JAMES D. FAULKNER ET AL., Respondents, *v.* GEORGE M. HARDING, Appellant.

### April 20, 1880.

1. That in similar transactions between the same parties an artificer had waived his possessory lien, does not tend to show a waiver in a subsequent and distinct transaction.

2. A plaintiff in replevin, entitled to the possession of certain pictures framed by, and left with an artificer, cannot also take the frames, upon which the artificer claims a lien; nor is the latter bound to remove the frames from the pictures.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Reversed and remanded.*

DONOVAN & CONROY, for the appellant: Appellant was

entitled to a lien on the pictures for his services. — Story on Ag. (6th ed.), sects. 353, 354, 360, 365, 374, and cases cited. The "usage of trade" set up in respondent's reply in this cause was not proved. — *South-Western, etc., Co.* v. *Stanard*, 44 Mo. 71, and cases cited.

G. D. BANTZ, for the respondents: Credit raises an implied waiver of lien. — *Hanna* v. *Philps*, 7 Ind. 24 ; 3 Pars. on Con. 248, note w. A mortgagee of chattels, after condition broken, is entitled to the possession. — *Bowens* v. *Benson*, 57 Mo. 26.

HAYDEN, J., delivered the opinion of the court.

Under an order of delivery the plaintiffs took possession, in replevin, of certain paintings and their frames. The plaintiffs claimed title by virtue of a chattel mortgage given to them by Meeker, the owner and artist who had painted the paintings, and put them in the hands of the defendant, an artificer, to be framed. The defendant accordingly framed the paintings, and claims a lien by virtue of the work which he did, and of his possession. The defendant had previously done work of the same kind upon other pictures of Meeker's, and had an unsettled balance for work ; but the lien here claimed is particular, for the cost of framing these paintings, which, with their frames, the plaintiffs, through the sheriff, took from the defendant. The question is, whether defendant's lien was good as against the plaintiffs' writ. The court below gave the following instruction : —

"If the court, sitting as a jury, find from the evidence that by the course of dealings between Meeker and the defendant, credit was given to Meeker for frames furnished him by defendant, and that at the time defendant made the frames in question, no other or different agreement was spoken of or made between the parties (said Meeker and defendant), then the frames in question were also contracted for on the same terms, and the defendant waived his right of lien thereby."

There was a finding and judgment for the plaintiffs.

As the plaintiffs took both paintings and frames, no question arises as to their right to the paintings apart from the frames. The two must be regarded as one thing. It is said that the defendant would not take the two apart, but he was not bound to. It was for the plaintiffs to act, and take the consequences of their action as between them and the defendant.

We do not think that the instruction quoted was applicable to the facts, or correctly expressed the law in view of the evidence. Though a possessory lien may be waived, it does not follow that because in one transaction, or series of transactions, an artificer has not insisted upon his lien, he is presumed to surrender it in a new and distinct transaction. Where, under a particular covenant, an obligee has not insisted upon some technical requirement, and a course of dealing has thus grown up between the parties, the law, especially to prevent a forfeiture, and save the right of a party who has substantially performed his obligation, will sometimes not permit the obligee to interpose the technical objection. But, because a party does not in nine cases insist upon a right, it does not follow he cannot insist upon it in a tenth distinct case. Each case stands on its own basis. Thus, here, in one condition of Meeker's affairs, the defendant may have been willing to look to him alone. If circumstances changed, and it seems they did, the defendant was not bound to waive his lien because he had waived it on some previous occasions; and this was all the evidence showed. The fact that the defendant assented to the notice of Meeker, that the latter's pictures, which were in the possession of the defendant, were subject to the order of the plaintiffs, and that the proceeds of any sales were to be turned over to the plaintiffs, was perfectly consistent with the rights of the defendant, into whose hands the paintings had been put, not to sell for the plaintiffs, but to be framed for Meeker. As against Meeker individually, the

defendant may not, in their friendly dealings, have cared to stand on his legal rights. As against the plaintiffs' writ of replevin, he was entitled to insist on his possessory lien. This lien for particular work the law favors, and to waive it there ought to be a special agreement or unequivocal acts. Here the defendant had done nothing that was inconsistent with his lien upon the property, and, in the absence of new evidence, he has made out his case. It is nothing that the defendant looked to his debtor personally. That was consistent. So, a vendor of real estate may take the obligation of his debtor in a new form, and yet not waive the lien. *Gilman* v. *Brown*, 1 Mason, 212 ; *Emison* v. *Whittlesey*, 55 Mo. 259. The instruction presents a wrong test.

As possibly there may be other evidence, the case is remanded. The judgment is reversed. Judge BAKEWELL concurs ; Judge LEWIS is absent.