EDWARD WARD *et al.*, Appellants, v. LESLIE A. MOFFETT, Respondent.

St. Louis Court of Appeals, December 17, 1889.

1. **Trover and Conversion:** DEMAND AND REFUSAL OF PROPERTY. When the true owner of personal property demands it from one who has the custody of it as agent for a third person, and the person, having such custody as agent, does not absolutely refuse compliance with the demand, but only refers the demandant to his principal, this, of itself, is not evidence of a conversion of the property.

2. ——— : ———. When one, who has the custody of personal property as agent for another, refuses to deliver the same to the true owner thereof on demand made by the latter, his refusal is not evidence of a conversion by his principal, if the custodian was not authorized to act for his principal touching such demand.

3. ——— : DAMAGES. When the defendant comes lawfully into the possession of goods, and his conversion of them is only technical and without wilful wrong, and the property remains *in statu quo*, evidence of a tender of the goods, made by him to the owner subsequent to such conversion, and of his continued readiness to restore the property, is admissible in mitigation of the damages.

4. **Receiver:** PROTECTION OF ORDER OF COURT. When a court has jurisdiction to order its receiver to take possession of a building and rent the same, it may, in making such order, also provide for the removal and storage of personalty found by him upon the premises, if the owner thereof should fail to remove it after being notified to do so; and compliance with such order will not constitute a trespass by the receiver.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*M. Kinealy* and *Jas. R. Kinealy*, for the appellants.

(1) It was error to admit the orders of the circuit court in evidence. *In re Young,* 7 Fed. Rep. 855; *Curran v. Craig,* 22 Fed. Rep. 107; *Hill v. Baker,*

111 Mass. 511. (2) It was error to admit evidence of any acts or orders made or done after the institution of this suit. (3) The third instruction given for defendant is entirely erroneous. *Delano v. Curtis*, 7 Allen, 471; 1 Chitty on Pl. [16 Am. Ed.] 178; *Cass v. Railroad*, 1 E. D. Smith's Rep. 522; *Buxton v. Baugham*, 6 C. & P. 672; *Jones v. Hart*, 2 Salk. 441; *Schuster v. McNellar*, 7 El. & Bl. 704; 6 Wait on Act. & Def. 208; *Pattison v. Robinson*, 5 M. & Sel. 105.

*Frank Hicks*, for the respondent.

THOMPSON, J., delivered the opinion of the court.

This was an action for a conversion of certain personal property consisting of clothing and household furniture. The answer set up, in substance, that the defendant had been appointed receiver, by the circuit court of the city of St. Louis, of certain real estate, in an action wherein George P. Wolf and others were plaintiffs and wherein the plaintiffs in the present action were defendants; that the defendant in this action had been, by the order of the court, directed to take possession of certain real estate and collect the rents thereof, and to open, by any proper means, such rooms as were not occupied, and to remove therefrom any chattels found in such rooms and store them in one room of the building. The answer also averred that the defendant was directed, by order of court, to institute proceedings by landlord summons against all occupants of the premises who should refuse to pay rent to him as receiver, and that if, on obtaining execution in such proceedings any chattels belonging to the plaintiff, Catherine Ward, should be found in such rooms, they should be disposed of as above stated; that he did institute such actions against various persons before a justice of the peace, and did obtain judgments and writs of restitution, which, after notifying the plaintiff, Catherine Ward, to

remove any furniture or chattels belonging to her, and after her neglect and refusal so to do, he caused to be executed by the constable; that thereon he caused all chattels on the premises to be stored in certain rooms on the premises, where they still remain; that such chattels have at all times been subject to the disposition of Catherine Ward; that he has repeatedly requested her to take and remove the same; that he is now ready and willing to deliver them to her, but that she has all at times failed and refused to receive the same. Defendant denies that he has had any possession, control of or connection with any of said chattels, save as receiver as above stated, and avers that, in all his transactions in the premises, he has acted as receiver under the orders of the court. This matter was put in issue by a reply.

The parties went to trial before a jury, and a verdict and judgment were rendered for the defendant, from which the plaintiff prosecutes this appeal.

Briefly stated, the plaintiff's evidence is to the effect that the defendant, with several persons assisting him, entered the premises in which the plaintiff's clothing and furniture were, and took possession of the premises ; that thereafter she, with two other women, went to the premises to get some clothing, and the man in charge refused to deliver them to her, telling her that she must see the constable. This testimony is confirmed by the testimony of the man in charge, who was called as a witness for the defendant. He appears to have been merely a watchman, put in charge of the premises by the constable after the latter had executed the writs of restitution, and there is no evidence that he had any authority from the defendant directly, or from the constable, to do any act touching the turning over of the property to the plaintiff, or to any one else. In fact, the testimony of both sides on this point, fairly construed, is to the effect that this watchman did not absolutely refuse to surrender any of the property, but

merely referred the plaintiffs to the constable. This without more was not, as matter or law, a demand and refusal which entitled the plaintiff to go to the jury.

But the plaintiff introduced other evidence of a demand and a refusal, to the effect that the plaintiff's attorney had made, as her attorney, a written demand upon defendant for the surrender of the clothing and furniture, which demand had been presented to the defendant in person by one Bobb, and by the defendant refused. The writing had unfortunately been lost, and the defendant denied in the most positive terms that any such demand was ever made upon him. He also testified that he had endeavored to get the plaintiff to receive the clothing and furniture, which she had constantly refused to do. The plaintiff admitted that, subsequently to the demand made by her upon the watchman in charge of the premises, the defendant had tendered to her the clothing and furniture, but that she had refused to receive them. In other words, upon her own evidence, she persists, by means of this action, in an attempt to sell them to him against his will.

The order of the court, under which the receiver justified, was given in pursuance of a petition to the court by the receiver for instructions, and was as follows: "Now comes Leslie A. Moffett, receiver herein, and presents to the court his petition for instructions as to taking possession of the premises, of which, by the order of appointment heretofore made herein, he was directed to and ordered to take possession; and, the court having heard the same, and being fully advised thereof, doth order that the said receiver, in taking possession of said premises, with respect to such rooms as are unoccupied by tenants, may open the same by breaking the locks, or other proper means, and, having obtained actual possession, that he hold the same by all appropriate means; further, that, if any chattels be found in such rooms, notice be given to defendant

Catherine Ward to forthwith remove the same, and, if the same be not removed by her, then the receiver may cause the same to be removed and stored in one room of the building on said premises; and it is further ordered that the receiver institute proceedings by landlord summons against all such occupants of said premises as shall fail or refuse to pay rent to him, said receiver, for the rooms occupied by them (and by such proceedings obtain possession of such rooms occupied by them), and by such proceedings obtain possession of such rooms, and, if, on obtaining executions in such proceedings, chattels belonging to said defendant Catherine Ward be found in said rooms, that disposition be made thereof as hereinbefore provided for as to such chattels.''

The evidence adduced by the defendant is explicitly to the effect that, in all that he did, he proceeded in strict conformity with the terms of this order.

We apprehend that this order was within the power of the court. It is true that a court, having in charge the administration of an estate by means of a receiver, cannot make an order authorizing the receiver *to take possession* of property not belonging to the estate, and not subject to administration in the suit in which the receiver is appointed; and that, if the court undertake to make such an order, it will be without jurisdiction, and, if the receiver assume to take possession of such property, he will be personally liable as a trespasser. There are many adjudications to the effect that, if a receiver or assignee in bankruptcy takes possession of goods not subject to administration in the proceeding, he will be personally liable as a trespasser. *In re Young*, 7 Fed. Rep. 855; *Curran v. Craig*, 22 Fed. Rep. 101; *Hills v. Parker*, 111 Mass. 511; *Paige v. Smith*, 99 Mass. 395; *Leighton v. Harwood*, 111 Mass. 67; *Edge v. Parker*, 8 Barn. & Cres. 697; *Parker v. Browning*, 8 Paige, 388. It may, therefore, be assumed

that the court had no jurisdiction to authorize the defendant to *take possession* of the clothing and furniture of Mrs. Ward in the present action, and that if he had presumed to do so he would have been so liable. But it is perceived that the court made no such order. The scope and purpose of the order, above quoted, was that the receiver should proceed to get possession of the premises, in order that he might rent them and collect the rents and profits of them; and that, in order to do this he should remove and store such furniture, as he should find therein belonging to Mrs. Ward, after giving her notice to remove it. This was not tantamount to authorizing the receiver to take possession of Mrs. Ward's property, but it was tantamount to authorizing him to take possession of the premises of which he had been appointed receiver, and, in order to obtain such possession, to remove therefrom the property of any other person which he might there find. We have no doubt that the order was within the jurisdiction of the court, and that the receiver is not liable as a trespasser for executing it according to its terms. The first and second instructions given by the court at the request of the defendant were drawn in conformity with this view, and were therefore properly given.

Against the objection of the plaintiff, the court permitted the defendant to give in evidence an order, which the court had made *subsequently to the institution of this suit*, directing the defendant to store the goods for the account of the plaintiff, together with evidence of his action in conformity with such instructions. It is now objected that it was not competent for the defendant thus to support his defense by evidence of something which took place subsequently to the commencement of the action. It is true, as a general rule, that the rights of the parties to an action are fixed according to the state of facts existing at the time when the action was brought. But this rule is not universal.

An action may be brought for the recovery of money, and a payment or a part payment may have been made subsequently to the commencement of the action, which may be pleaded by an amendment of the answer in the nature of a plea *puis darrein continuance;* and such a plea, if made good by evidence, will have the effect of reducing the damages, or, perhaps, of preventing any recovery, except the costs which have accrued prior to the filing of the plea.

In actions of trover, if the owner regains his property, the measure of damages is what he has lost by the temporary conversion, and no more. *Greenfield v. Leavitt,* 1 Pick. (Mass.) 1. And evidence that the defendant has relinquished all claim to the property, that he never removed it from the place where it originally was, and never in point of fact converted it to his own use, has been held admissible in mitigation of damages. *Delano v. Curtis,* 7 Allen (Mass.) 471, 475. The rule seems to be that, if the defendant came *lawfully* into the possession of the goods, and his refusal to surrender them was qualified, or if the conversion was technical only, or without wilful wrong on his part, and the property remained entirely *in statu quo,* the defendant may compel the plaintiff to accept it in mitigation of damages. *Pickering v. Trustee,* 7 T. R. 53; *Hayward v. Seward,* 1 Moore & Sc. 459. Where such a state of facts exists, it is plain that evidence that the defendant has tendered the property to the plaintiff is admissible in mitigation of damages; and no reason is perceived why, for the purpose of showing good faith and mitigating the damages, the defendant should not, in such a case, be permitted to show in evidence his *continued readiness* to restore the property to the plaintiff. On this ground we think this evidence was properly admitted.

Among the instructions given at the request of the defendant was the following: "The jury is instructed

that, unless they believe from the evidence that, at some time before the bringing of this suit, plaintiffs demanded, or caused to be demanded, from the defendant, possession of the goods mentioned in the petition; and, further, that, at the time of such demand, defendant was in possession of said goods; and, further, that defendant, knowing that such demand was made by or on behalf of plaintiff, refused to permit plaintiff to take said goods, the jury must find a verdict for the defendant.

This instruction is criticised, first, as denying the right of the plaintiff to recover unless demand was made on the defendant, and excluding the conclusion that a good demand might be made upon his agent. We do not wish, of course, to be understood as holding that a good demand, such as would be evidence of a conversion, could not be made on the authorized agent of the defendant. To hold otherwise would, in many cases, prevent actions in the nature of trover from being maintained against corporations, which, from their very constitution can only act through agents. We understand the general rule to be that stated by Mr. Chitty: "The demand should, of course, be in general, made upon the party who, at the time, has possession of, the goods, by himself, or his servant or agents, or the general controlling power over them." 1 Chit. Pl. [16 Am. Ed.] 178. That a good demand may be made upon a person's servant, acting for him about his business touching the matter of the demand, is shown by the old case of *Jones v. Hart*, 2 Salk. 441.

But we have already stated that there was no evidence that the watchman in charge of the premises, upon whom the demand of the plaintiff was made, had any authority to act touching the demand; and consequently that may be laid out of view, and there was no error in so drawing an instruction as to put it out of view. It may not be true, as an abstract proposition of

law, that the demand which will be evidence of a conversion must, in all cases, be made upon the defendant in person. But, as the only demand, aside from that on the watchman, of which there is any evidence, was made on the defendant in person, according to the plaintiff's evidence, this element of the instruction could not have been harmful to her.

The instruction is criticised, also, on the ground that it denies a recovery unless, at the time of such demand, the defendant was in possession of the goods. The general rule undoubtedly is that a demand and refusal are not evidence of a conversion unless the defendant either has possession of the goods or has them within his power or control, so that he can restore them in compliance with the demand. *Knapp v. Winchester*, 11 Vt. 351; *Yale v. Saunders*, 16 Vt. 243; *Morris v. Thomson*, 1 Rich. L. (S. C.) 65. The rule in many cases is of value rather *as fixing the date* of the conversion than otherwise. For where the defendant has put it out of his power to restore the goods in compliance with the demand, as by selling them, or delivering them to an unauthorized person, the conversion takes place from the date of such sale or unauthorized delivery, and no demand is necessary. *Edwards v. Hooper*, 12 L. J. Exch. 304. In the present case there was no dispute that the defendant had possession of the goods, in such a sense that it was within his power at all times to restore them to the plaintiff. His own testimony fully concedes that, and asserts that he, at all times, endeavored so to restore them. The jury could not, therefore, have been misled by the statement of this general proposition of law in the instruction.

The predicate in the instruction that, in order to recover, the defendant must have known, when the demand was made, that it was made by, or on the behalf of, the plaintiff, was apparently drawn with the view of meeting some evidence, which cast doubt upon

the power of the attorney, who professed to send the written demand to the defendant by the witness Bobb, so to act for the plaintiff. In its application to the evidence it could not have been erroneous or prejudicial.

We see no prejudicial error in the rulings of the court, and the verdict and judgment have obviously reached the justice of the case. The judgment will accordingly be affirmed. All the judges concur.