JOHN H. VETTE, Respondent, v. RUFUS U. LEONORI, JR., Appellant.

St. Louis Court of Appeals, November 11, 1890.

1. **Husband and Wife:** MORTGAGE OF PERSONALTY BY WIFE. *Semble* that a mortgage of personalty, belonging to a married woman as her sole property under the statute, is valid, though executed by the married woman alone and without joinder of her husband.

2. **Practice, Trial:** EVIDENCE. The admission of evidence is not erroneous, if, at the time thereof, the ground of its inadmissibility did not appear. *Held*, accordingly, that the admission of a chattel mortgage, valid as between the parties, but claimed to be invalid as to creditors, was not erroneous, if, at the time of its admission, it did not appear that the objecting party was a creditor or claimed as such.

3. **Chattel Mortgages:** PRIORITY OF LIENS. If personalty covered by a chattel mortgage be stored by the mortgagor, without the

42 217
56 6

authority of the mortgagee, for the purpose of preserving it, the lien of the mortgagee takes precedence of that for the charges for storage.

4.    ———: RECEIVERS. If a receiver in charge of realty is ordered by the court appointing him to store elsewhere, "at the cost and subject to the order of the owner," personalty which he finds on the premises, and under that order he stores personalty belonging to one who is a stranger to the proceedings in which he was appointed, the owner's title will not be thereby subjected to a lien for the charges for the storage.

5.    ———: SUFFICIENCY OF DESCRIPTION. If a chattel mortgage is sufficient to enable a third person, by its aid and with such inquiries as the instrument itself suggests, to identify the property conveyed, the mortgage will not be invalid for the insufficiency of the description of the property.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*M. Kinealy* and *Jas. R. Kinealy*, for appellant.

(1) The court erred in holding that plaintiff's evidence sustained the case made in the complaint. He sued for a conversion by a sale, and the proof showed that he assented to the sale, hence he could not recover in this action. *Finlay v. Bryson*, 84 Mo. 671, and cases cited ; *Jones v. Loomis*, 19 Mo. App. 238 ; *Reed v. Bott*, 100 Mo. 62. (2) The court erred in excluding the record and papers in the case of Wolff *v.* Ward. The court's receiver, in charge of the premises, was ordered to move the furniture from there and store it. Under those circumstances the lien of the warehouse was superior to that of the mortgages, and, if so, plaintiff could not recover. *Smith v. Stevens*, 36 Minn. 303; *Williams v. Allsup*, 10 C. B. (N. S.) 417. (3) The court erred in admitting the Vette mortgage in evidence, because it is acknowledged by Catherine Ward only. It was, therefore, merely an equitable mortgage and would not support a legal action, as this is. *Kimball v. Silvers*, 22 Mo. App. 520. The mortgage did

not impart notice, as the goods mentioned therein could not be identified by anything shown in the mortgage. Jones on Chat. Mort., sec. 55, p. 59 ; *Buck v. Bank*, 45 N. W. Rep. 776.

*Lubke & Muench*, for respondent.

(1) There is no departure. The statement filed before the justice was sufficiently explicit to inform the defendant of the nature of the cause of action, and to bar another action for the same cause. *Fleischmann v. Miller*, 38 Mo. App. 177. Even if there had been a variance, it is too late for defendant to now complain thereof—after verdict. He should have taken more timely steps. *Hoyt v. Quinn*, 20 Mo. App. 72 ; *Bank v. Westlake*, 21 Mo. App. 565. The suit is for " the value of said property," and this is what the jury awarded to plaintiff. ( 2 ) " A mortgagor in possession has no power to create by contract a lien that shall have priority of a duly recorded mortgage." Jones on Chat. Mort. [ 3 Ed.] sec. 472, and cases cited. " A mortgagee holding under a recorded mortgage is not liable for charges for the storage of the mortgaged property incurred by the mortgagor in possession, although the storage was necessary for the preservation of the property, and the mortgagee was informed of the storing of the property, and expressed no disapproval." *Storms v. Smith*, 137 Mass. 201.

ROMBAUER, P. J.—Catherine Ward, a married woman, executed her chattel mortgage to the plaintiff. The mortgage purported to convey to him a lot of furniture and household goods, contained in house number 919, North Sixth street, St. Louis, as security for a debt of one hundred and twenty-five dollars. The husband of Catherine Ward did not join in this conveyance, but it was recorded at once. Subsequent to this, Wolff and others, claiming an equitable right to the possession of said house number 919, instituted a suit in equity

against Catherine Ward and her husband for the possession of said premises, and for the application of the rents thereof to the payment of certain claims which they held. Such proceedings were had in said suit that one Moffett was appointed receiver, and by order of court took possession of the premises, and removed the furniture and household goods therefrom, and stored them with one Betts, a warehouseman. The storage charges upon the property remaining unpaid, Betts, upon notice to the receiver and to Ward and his wife, caused the property to be sold by the defendant, at public auction, to pay storage charges. At such sale the property realized sixty-eight dollars and fifty cents over and above the auctioneer's charges. Prior to the sale, the plaintiff notified the defendant that he had a claim on the property prior and superior to that of Betts, and requested the defendant not to pay the proceeds of the sale to Betts. The defendant disregarded this request, and paid the proceeds of the sale to Betts, whereupon the plaintiff brought the present action against him before a justice of the peace.

The statement of plaintiff's cause of action filed with the justice, after setting out the facts of the mortgage, and stating that its condition was broken prior to the sale of the property by the defendant, and that the amount of sixty-five dollars was still due on the debt secured, further stated that the plaintiff gave to the defendant notice of his ownership, and demanded the property of him, or its value, but that the defendant refused to recognize plaintiff's right thereto, and appropriated the property and its proceeds to his own use. The cause was tried by a jury, who found a verdict in plaintiff's favor for sixty dollars.

The defendant, appealing, assigns for error the ruling of the court upon the evidence and instructions. The first point made is that the statement filed before the justice was one for conversion of the property,

whereas it appeared upon the trial that plaintiff consented to the sale. This, it is claimed, was not a mere variance; but an entire failure of proof. In support of this point cases are cited which hold that a party cannot sue for a tort, and recover upon evidence which shows a contract, and *vice versa*. *Finlay v. Bryson,* 84 Mo. 671; *Jones v. Loomis,* 19 Mo. App. 238; *Reed v. Bott,* 100 Mo. 62. Conceding that such is the law, and conceding further, that in that respect there is no substantial difference between actions instituted before justices and in courts of record, yet we must conclude that there is no merit in the point made. Statements before justices are filed to advise the adverse party of the matter complained of, and it is not required that they should conform with technical rules of pleading. Here the statement charges the defendant with the conversion of the proceeds, as well as with the conversion of the property. so that proof of either was proof of the cause of action charged and matter complained of. We do not desire, however, to be understood as intimating that, if the statement would have charged a conversion of the *property* only, evidence of a conversion of its *proceeds* only would have been more than a mere variance, as distinguished by the statute from a failure of proof.

The statement of plaintiff charges that the mortgage, under which he claims, was executed by Catherine Ward and her husband. When the mortgage was offered in evidence, it appeared that it was executed and acknowledged by Mrs. Ward alone. The defendant objected to its introduction on the ground that, being executed by Mrs. Ward without joinder of her husband, it was no mortgage at law, and its record could impart no notice. The court overruled this objection, the mortgage and its record were read in evidence, and the defendant excepted and still excepts.

In order to pass on this exception intelligently, we must consider the state of the case when the mortgage

was offered in evidence. It was then in evidence that the property mortgaged was the separate statutory property of Mrs. Ward, which, under the provisions of section 3296 of the Revised Statutes of 1879, was under "her sole control," nor was, at that stage of the case, any evidence introduced tending to show the defendant's claim or defense. Mortgages of personal property are not valid against *any other person* than the parties thereto, unless possession of the mortgaged property be delivered to, and retained by, the mortgagee, or unless the mortgage be acknowledged and recorded in such manner as conveyances of lands are by law directed to be acknowledged and recorded. R. S. 1879, sec. 2503. As the statutes make no other provision for the *manner* of acknowledgment of conveyances of personal property, and as a husband and wife may convey the real estate of the wife only by their joint deed, acknowledged by both before some officer authorized to take the acknowledgment, the defendant claims that this mortgage was not acknowledged in a manner entitling it to record, and hence was improperly recorded, and imparted no notice.

It was decided in *Turner v. Shaw*, 96 Mo. 28, overruling *Martin v. Colburn*, 88 Mo. 229, that a wife may convey *her separate estate in equity* by her sole deed. A distinction was there drawn between her separate estate in equity and her statutory estate, holding that, as to the latter, a joinder of husband and wife was essential to a valid execution, but the statutory estate referred to was evidently the statutory estate in realty, mentioned in section 3295, which section expressly provides for a joint execution by husband and wife of any conveyance affecting such estate, and not her statutory estate in personalty, which, by the terms of the law, is under *her sole control*. This personalty being under the wife's sole control, she could pass title to it by sale and delivery. The record of the deed is mere constructive delivery; and it seems to us inconsistent to hold

that the wife, in such a case, can make a valid actual delivery alone, but can only make a valid constructive delivery jointly with her husband. As the mortgage was a valid mortgage between the parties thereto, irrespective of the validity of its record, the court would have committed no error in admitting it, even were the law otherwise, as, at that stage of the trial, no evidence had been offered that the defendant was either a creditor or a purchaser, or that he asserted the rights of either.

An additional objection is now urged to the mortgage, and that is that the description of the property therein is too indefinite to create a valid lien on any property. No such objection was made at the trial, nor does it lie. The description in the mortgage was sufficient to enable a third person, by its aid, and with such inquiries as the instrument itself suggested, to identify the property conveyed, and that is all that the law requires. *Jennings v. Sparkman*, 39 Mo. App. 670, and cases there cited.

When the record of the case of Wolff *v.* Ward was offered in evidence by the defendant, the court excluded it upon the plaintiff's objection. It was first excluded, when offered, on the ground that the offer was not timely, but it was subsequently excluded as irrelevant evidence. Whether this ruling was correct presents a serious question, upon the decision of which the entire case hinges.

We decided in *Ward v. Moffett*, 38 Mo. App. 400, where we considered the validity of the order of the court directing the receiver Moffett to remove this property from the premises and to store it, that the receiver, being authorized to take possession of the premises, was not liable to Mrs. Ward as a trespasser, in removing her personal effects from the house and storing them, by order of the court. We there said that the order was within the jurisdiction of the court. If the receiver was authorized to store the goods, he was authorized to create a valid lien upon them by such

storage, as against Mrs. Ward, at least, and the ware-houseman was authorized, if they were not claimed within sixty days, to sell them at public auction for storage charges, under the provisions of section 6275 of the Revised Statutes of 1879. The defendant, in offer-ing the record in Wolff v. Ward, notice of sale and evidence of sale, offered to show that Betts pursued his statutory rights and asserted a lien which the law con-ferred upon him. If the lien thus acquired was superior to the lien of the mortgage, the ruling of the court in rejecting this evidence was erroneous.

This question presents itself in a twofold aspect: *First.* Has the mortgagor of personal property, before condition broken, such control and ownership of the mortgaged property as to subject it to a valid, common-law or statutory lien which takes precedence of the mortgage? And, *next,* is the control of the receiver different from that of the mortgagor, so that he may by his action confer a lien on the property superior to that of the mortgage, although the mortgagor himself is powerless to do so. It was held in *Williams v. Allsup,* 10 C. B. (N. S.) 417, that the mortgagor of a ship may subject it to a prior lien for repairs. The mortgage was for an indefinite time, and the decision was put upon the ground that the mortgagee having allowed the mort-gagor to continue in the apparent ownership of the ves-sel, making it a source of profit and a means of earning wherewithal to pay off the mortgage debt, the relation so created by implication entitled the mortgagor to do all that might be necessary to keep it in an efficient state for that purpose. It was also decided in *Smith v. Stevens,* 36 Minn. 303, that, under a statute providing that anyone who keeps a horse at the request of the owner, or *lawful possessor* thereof, should have a lien for his just and reasonable charges therefor, and might hold and retain the property until such charges are paid, the mortgagee could not maintain an action of replevin against a livery-stable keeper, without first.

paying the reasonable charges for the keep of horses, placed in the stable by the mortgagor. The first decision was placed on the ground that the mortgage itself, by implication, conferred upon the mortgagor the right of creating a paramount lien for repairs, and the second on the ground that the lien for the keep might be created by the *lawful possessor*, regardless of ownership. It will be thus seen that neither of these cases is in point. On the other hand it was decided in *Storms v. Smith*, 137 Mass. 201, that the mortgagor of chattels is personally liable to the warehouseman for storage, and cannot subject the mortgagee's interest to a lien in support of his debt, without the mortgagee's authority.

Now in the case at bar there is nothing in the mortgage which would give the mortgagor an implied authority to store the property with a warehouseman. On the contrary, the goods are mentioned as being on certain premises, and their removal from the premises, in itself, worked a forfeiture for condition broken. Nor is there anything in our statutes which confers upon the party in the lawful possession of property the right to subject it to a lien for warehouse charges, regardless of his ownership. We must, therefore, conclude that Mrs. Ward herself could not have stored these goods with a warehouseman, and thereby have subjected the mortgagee's interest therein to a lien for storage charges.

It is said in *Kneeland v. American Loan and Trust Co.*, 136 U. S. 89, that a court which appoints a receiver acquires, by virtue of that appointment, certain rights and assumes certain obligations, and that the expenses, *which the court creates* in discharge of those obligations, are necessarily burdens on the property taken possession of, and this irrespective of the question, who may be the ultimate owner, or who may have the preferred lien, or who may invoke the receivership. The principle thus announced is invoked by the

defendant in this case in support of the superiority of the lien of the warehouseman. But this argument loses sight of two propositions. The charges in question here are not the receiver's charges, or expenses incurred by the receiver, because the order of the court expressly provides that the said property is "to be stored in said warehouse at the cost and subject to the order of the owner of said property," and next the property itself is not property taken possession of by the receiver for the purposes of administration, as the receivership was touching real estate only, but property which remained, notwithstanding the receivership, under the complete control of the mortgagor. We must, therefore, conclude that there is nothing in the facts of this case which would warrant us in holding that the receiver could, or did, exercise a control over this property, enabling him to confer a lien which the mortgagor was powerless to confer.

This disposes of all the points made, as the instructions of the court were in conformity with the law as hereinabove announced. All the judges concurring, the judgment is affirmed.