### Eisler v. Union Transfer & Storage Co.

*(Common Pleas of New York City and County, General Term.* January 5, 1891.)

1. PLEADING—NEW MATTER—FAILURE TO REPLY.
   In an action to recover possession of certain goods, brought by a mortgagee thereof, alleging that he was entitled to immediate possession, against the mortgagor and a warehouseman having the actual possession of the property, the latter's answer denied plaintiff's allegations and set up a lien for storage. *Held,* that without a reply or amendment of the pleadings, plaintiff might show that the warehouseman had neither a debt nor lien when the action was brought, or afterwards.

2. WAREHOUSEMEN—LIEN—MORTGAGED CHATTELS.
   A warehouseman has no lien on mortgaged goods stored with him by the mortgagor thereof after default, and without the knowledge or assent of the mortgagee, as against the mortgagee, whose right to the possession of the goods became absolute on the default. Following *Baumann* v. *Post, ante,* 213.

3. COSTS—APPEAL FROM DISTRICT COURT.
   Under Code Civil Proc. N. Y. § 3213, providing that on appeals from district courts of the city of New York to the court of common pleas, "where a judgment is modified, or where a new trial is ordered, costs shall be in the discretion of the appellate court," costs must be awarded to the respondent if the judgment is affirmed; the provision to that effect of section 3067, relating to appeals from justices' courts, apply also to appeals from district courts. Following *Clark* v. *Carroll,* 61 How. Pr. 47.

Appeal from seventh district court.

Action by Henry Eisler against the Union Transfer & Storage Company. Defendant appeals from a judgment for plaintiff. For former report, see 8 N. Y. Supp. 948, *mem.*

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Henry C. Andrews,* for appellant. *Joseph Martin,* for respondent.

BOOKSTAVER, J. This action was originally brought by the respondent to recover the possession of certain goods claimed by him as mortgagee. The defendants were the mortgagor and the Union Transfer & Storage Company, the latter of which was the only party served and appearing in the action. It was made a party defendant because it had the actual possession of the property at the time. The plaintiff's affidavit and complaint stated that he was entitled to the immediate possession of the property, and the defendant denied these allegations in his answer, and set up a lien to the amount of $17 for storage. The action has been three times tried in the court below, and twice reversed on appeal to this court. On the second trial it appeared without contradiction that the mortgagor had before that trial paid to the company the full amount of its claim for storage, and that it had received the sum so paid in full satisfaction of its claim, and had surrendered to the mortgagor the other property stored with the goods in controversy. Consequently, at the time of that trial there was no debt due for the storage of the goods, and it therefore had no right to hold the same, for there can be no lien where

there is no debt; but appellant's counsel now contends that we ought not to regard these facts on this appeal, and claims that the former decision is *res adjudicata* as to those facts, for the reason that they were all before the general term of this court, which heard the appeal from the judgment rendered on the second trial in November, 1889, and also because they were improperly admitted in evidence. We have carefully examined the record upon the former appeal and the decision of the November general term, 1889, but cannot find that these facts were brought to the attention of the court on the argument of that appeal as required by rule 7 of this court, or that the general term, in reversing the judgment, passed upon this question at all. It is probable, from the persistency with which the counsel in this and other warehouse cases have insisted they had a claim which was a lien upon mortgaged property, that it was assumed there was some debt due the warehouseman, and the decision proceeded on that theory. We therefore do not feel concluded as to the question now raised. As to the contention that these facts were improperly admitted in evidence, we do not think it is well founded. The affidavit on the claim and delivery proceedings expressly averred that the plaintiff was entitled to the immediate possession of the property. This was denied by the answer, which also set up the lien as before stated. It was not necessary for the plaintiff to reply to the new matter setting up the lien. Under the Code (section 522) the allegations in that respect were to be taken as controverted. It was therefore competent for the plaintiff to prove anything to show that he was entitled to the possession of the property at the time of the commencement of the action, or at the time of the trial, and it was also competent for him to prove that the defendant had neither a debt nor a lien when the action was commenced, or afterwards, and therefore no amendment of the pleadings was necessary to introduce this proof. Besides, the facts were brought out on the cross-examination of defendant's witnesses, and it was a legitimate subject of cross-examination. The facts appearing in the record, we have a right, and it is our duty, to consider them upon this appeal, and if it were necessary we would even have the power to do substantial justice and sustain a proper judgment. It cannot be in the interest of justice, when these facts appear upon the defendant's own testimony, that the complaint should be dismissed only in order to award the defendant costs when he has no right whatever to the property, and when the plaintiff might commence a new action at once. Nevertheless it is true, as contended by defendant's counsel, that in order to sustain an action for the claim and delivery of personal property it is necessary for the plaintiff to show that he was entitled to the possession of the property at the time the action was commenced. *Wood* v. *Orser*, 25 N. Y. 348; *Redman* v. *Hendricks*, 1 Sandf. 32; *Hudson* v. *Swan*, 83 N. Y. 552; *Duncan* v. *Brennan*, Id. 487; *Thompson* v. *Bank*, 113 N. Y. 325, 21 N. E. Rep. 57.

It therefore remains to inquire whether the plaintiff was entitled to such possession at the time of the commencement of the action, and this depends upon whether or not the defendant had a lien upon the property at that time. At a recent general term of this court, in *Bauman* v. *Post*, ante, 213, it was decided that where a mortgagor, after default in the mortgage, stored the mortgaged property with a warehouseman without the knowledge or assent of the mortgagee, the warehouseman acquired no lien upon the goods for storage as against the latter. But defendant's counsel contends that this case differs from that, in that here the mortgagee had knowledge of the storing, and assented thereto. This was denied by the plaintiff, and whether or not he had such knowledge, or gave such assent, was a question of fact to be determined by the justice who tried the case. One of defendant's witnesses, the mortgagor, on the trial gave evidence tending to show that he had himself given notice to the plaintiff of his intention to store the goods, to which

the plaintiff neither assented nor dissented, but, as the mortgagor testified, the plaintiff said in answer to such alleged information given to him, "Why didn't you store them with me, and I would not have charged you anything?" to which the mortgagor replied, "If I had known that I would have done so, but I have made arrangements with these people for $3 a month, and told them where they were." From this testimony we gather that the property was either actually stored with the defendant at the time the notice was given, or that the arrangement had been completed between the mortgagor and the mortgagee for storing the goods; but this testimony, if it is to be believed, is denied by the plaintiff, and in it he is corroborated by the fact that he employed a detective to hunt up the property, and spent some time and money in doing so, which he would not have done had he known where the property was. The wife of the mortgagor, in her testimony, does not claim that she had any conversation with the plaintiff himself, but with a clerk or book-keeper of his, and that the information of the intention to store was given to him, and the answer which the book-keeper made to her, as she testified to it, is suspiciously like the answer made by the plaintiff to the mortgagee. We think that on this question the foregoing and the other testimony in the case fully justified the justice in finding that the plaintiff had neither assented to the storing of the property nor had knowledge of the fact. This being so, it is unnecessary for us at this time time to determine whether or not, where mortgaged property is stored with the knowledge of the mortgagor, the warehouseman acquires a lien upon such property as against him. The consideration of that question should be left until the fact is proved, and not found against the warehouseman, as it is in this case. Nor is it necessary to consider whether the mortgage was properly refiled with a proper statement of indebtedness, for the mortgagor does not appeal from the judgment rendered, and, even if he did, this question would be immaterial, as the mortgage would be good against him without any refiling. Having arrived at this conclusion, it is unnecessary to consider the other questions raised on this appeal, as the appellant has no standing in court to present them. Under the circumstances of this case, if we had the power, we would not award costs to the respondent, but section 3213 of the Code gives us discretion only where a judgment is modified or a new trial ordered, and this court has held in *Clark* v. *Carroll*, 61 How. Pr. 47, that sections 3060, 3067, and section 3066, subd. 3, provides that where a judgment is affirmed costs must be awarded to the respondent.

The judgment should therefore be affirmed, with costs.