# CASES DETERMINED

BY THE

## ST. LOUIS AND THE KANSAS CITY

# COURTS OF APPEALS.

## OCTOBER TERM, 1893.

---

J. I. CASE PLOW WORKS, Appellant, v. UNION IRON
WORKS, Respondent.

### Kansas City Court of Appeals, January 8, 1894.

1. **Warehouseman's Lien:** GOODS IN CUSTODIA LEGIS: ATTACHMENT. Goods in the hands of a constable under an attachment writ are in *custodia legis* as if in the possession of a receiver by order of court, and the warehouseman storing them for constable has a common law lien for such storage, which he may enforce by interplea in the attachment suit.

2. ——: ——: SALE: PROCEEDS. If goods in *custodia legis* are sold, the purchaser takes a good title against the world; the lien of warehouseman continues against the proceeds of the sale.

3. ——: ——: RELEASE OF ATTACHMENT. Where the constable seizes goods under an attachment and stores them, and the attachment is subsequently released by the payment of the judgment and costs taxed, the warehouseman still retains his lien for reasonable storage charges, and the owner cannot maintain replevin for the goods without discharging such charges.

4. ——: WAIVER: INTENTION. A warehouseman's right of lien is highly favored, and the law is against presuming a waiver or extinguishment; such waiver is a matter of intention, and must be established by him who asserts it.

*Appeal from the Jackson Circuit Court.*—Hon. John W. Henry, Judge.

Affirmed.

*Frank H. Dexter* and *J. L. Grider* for appellant.

(1) The only authority in law for a claim for storage and keeping of attached property is contained in the following sections of the statutes: Revised Statutes, 1889, sec. 4997. These statutes limit the recovery of such charges and lien as are claimed herein to the allowance which may be made by the justice or court, and which are taxed up as part of the judgment in the attachment. *Shumway v. Leakey*, 73 Cal. 260; *Geil v. Stevens*, 48 Cal. 590; *Lane v. McElhaney*, 49 Cal. 424; Drake on Attachment [6 Ed.], sec. 353; *Rawley v. Painter*, 69 Iowa, 432; *Carroll v. Frank*, 28 Mo. App. 69; Jones on Liens, *supra*, sec. 972, p. 668; *Somes v. British Empire S. Co.*, 8 H. L. Cases, 338; *Van Meter v. Crossman*, 39 Mich. 610; *In re Green*, 40 Mo. App. 491; Jones on Liens (1888), sec. 105; *Felker v. Emerson*, 17 Vt. 101; *Bank v. Circuit Court*, 54 Mich. 305–605. (2) The purchaser at the execution sale would take the property against all claims of which he has no notice. Roher on Judicial Sales [2 Ed.], sec. 874; *Bauman v. Post*, 12 N. Y. 213; 26 Ab. Nat. Dig. 134; *State ex rel. Six*, 80 Mo. 61; *Metzner v. Graham*, 57 Mo. 404; *Bank v. Owen*, 79 Mo. 429; *Murfree Sheriffs*, sec. 258; Overton on Liens (1883), 271; *Young v. Kellar*, 94 Mo. 581; *Hamilton v. Shoe Co.*, 5 N. W. Rep. (Iowa), 415; *Vette v. Leonori*, 47 Mo. App. 217; *Walker v. Taylor Com. Co.*, 19 S. W. Rep. (Ark.), 601; *Brown v. Williams*, 31 Me. 403. The bailee of the officer must return the specific goods, and has no power of sale for charges. *Sibley v. Storey*, 8 Vt. 15; *Anthoney v. Comstock*, 1 R. 1. 454; *Page v. Thrall*, 11

Vt. 230; Drake on Attachment, *supra,* sec. 349; *Dillenback v. Jerome,* 7 Cowen, 294; *Whitney v. Farrell,* 10 N. H. 9; *Commonwealth v. Morse,* 14 Mass. 217. (3) Even if it should be conceded that property in *custodia legis* is subject to the lien claimed, defendants waived this lien. 13 American and English Encyclopedia of Law, p. 574; Jones on Liens, 3; *Heywood v. Waring,* 4 Camp. 291; Drake on Attachment, *supra,* sec. 392; *Johns v. Church,* 12 Pick. 557; *Barron v. Cobleigh,* 11 N. H. 557; *Drew v. Livermore,* 40 Me. 266; *Dezell v. Odell,* 3 Hill (N. Y.), 215; *Boardman v. Still,* 1 Camp. 410; *Blackman v. Pierce,* 23 Cal. 508; Jones on Liens, sec. 21; *Forth v. Simpson,* 13 Q. B. 680; *Sherwood v. Neal,* 41 Mo. App. 416.

*Albert Young* for respondent.

(1) It appears by the express authority of the statute that officers in attachment cases are authorized to incur expenses for the care and custody of goods seized by them. It, therefore, follows as a very reasonable conclusion that the constable had authority to store the goods for their preservation with any warehouseman, and, as in any other case, if he failed to pay the charges, therefor, they become subject to the warehouseman's lien for such storage. 2 Revised Statutes 1889, secs. 6806, 6807, 549. *Vette v. Leonori,* 42 Mo. App. 217–223. Of what virtue is judicial process under these statutes if the officer who takes property under these *quasi* condemnation writs, is not empowered to preserve the thing itself at its own cost irrespective of the title? *Dean v. Bailey,* 12 Vt. 142, *McNeil v. Bean,* 32 Vt. 429; 6 Lawson's Remedies, sec. 3093; 1 Jones on Liens, secs. 4–8; *Montieth v. Great West, etc. Co.,* 16 Mo. App. 450; *Dilworth v. McKelvy,* 30 Mo. 154; 2 Revised Statutes, 1889, sec. 6806–6807; *Wyckoff v. Southern Hotel Co.,* 24 Mo. App. 382–391;

*Devereaux v. Fleming*, 53 Fed. Rep. 401; *Louis v. Shipping Co.*, 8 H. L. Cases, 338. The receipt given to the constable was neither an express or implied waiver of the respondent's lien for charges. A bailee's right of lien is highly favored, and the law is against presuming a waiver or extinguishment. It is a matter of intention between the parties and must be established by him who asserts it. Schouler's Bailments, pp. 128, 550–547; *Bird of Paradise*, 5 Wall. 545–558; *Faulkner v. Harding*, 9 Mo. App. 12; *Muench v. Valley National Bank*, 11 Mo. App. 144; *Montieth v. Great West Print. Co.*, 16 Mo. App. 450; *Gilman v. Brown*, 1 Mason, 212; *Emison v. Whittlesey,* 55 Mo. 259.

SMITH, P. J.—This was an action of replevin brought by the plaintiff against the defendant to recover seventy-five walking cultivators.

The defendant answered alleging that they were engaged in a general storage and forwarding business at Kansas City, and that the property described in plaintiff's petition was by a constable of Kaw Township, Jackson county, levied upon under an attachment proceeding in justice's court, and delivered by said constable to the respondents for safe keeping and storage, and that by reason of said fact they, the respondents, have a lien against said property for storage, amounting to $——.

At the trial, which resulted in judgment for defendant, from which plaintiff has appealed, it appeared from the undisputed evidence that, prior and up to the date of this suit, the Union Iron Works, defendant, was engaged in the business of a storage warehouseman in Kansas City, Missouri.

For several years prior to, and including, 1888, the J. I. Case Plow Works, plaintiff, had stored most of its agricultural implements kept in this city with the

defendant, the latter's compensation being based upon the amount of space occupied in its warehouse.

A disagreement having arisen as to compensation for certain extra space occupied by plaintiff, and upon its refusal to pay defendant's bill for such charges as claimed, defendant brought a suit for same before Justice Allen, of Kansas City, and appellant herein being a nonresident corporation, also sued out, a writ of attachment and under said writ the constable went to respondent's warehouse and levied upon the culti- vators now in question in this suit. These goods were at that time on the space rented and occupied by the plaintiff herein. The articles being bulky and costly and hard to handle, the constable requested the man- ager of the defendant to take charge of the goods and store them in its warehouse. The defendant agreed with the constable to do this and gave him a receipt therefor, nothing being said by either party at that time about the charges for the same. The defendant then took the goods from the rented space occupied by the plaintiff and placed them in another part of its warehouse where they remained until the termination of the attachment suit and the bringing of this suit. The constable at first desired to leave the goods on the space rented by the plaintiff, but the manager of defendant claimed that he had nothing to do with that space, whereupon the constable made the above arrangements about storage with defendant.

The question presented by the record for our decis- ion is, whether, under the circumstances already stated, the defendant had a lien on the property in contro- versy. It is not controverted that the property seized by the constable under the writ of attachment was not that of the defendant in the attachment, nor that the justice's court had not properly acquired jurisdiction of it by virtue of the seizure made by the constable

under the writ. It may be, therefore, safely assumed that the property was in *custodia legis* at the time the constable stored it with the defendant in its warehouse.

When property is seized on attachment the statute sections 549, 4997, provides that the court may allow the officer having charge thereof such compensation for his trouble and expense in keeping the same as shall be reasonable and just. The statutory authority of the constable to store the property during the time it was in his custody under the writ, is not to be doubted.

Was the defendant's warehouseman who stored the attached property received from the constable, in whose custody it was, entitled to a lien for his reasonable compensation therefor? It appears there was no agreement entered into between the constable and the defendant warehouseman that the former should pay storage on the property so received. But the contract, of a warehouseman with his customer is, to receive and keep and deliver to order, goods placed in his custody on payment of the lawful charges therefor, and when not expressed, one is implied. He has a lien at common law, a specific lien, not a general lien. Jones on Liens, sec. 967; Edwards on Bailments, sec. 350; *Devereux v. Fleming*, 53 Fed. Rep. 401.

The attached property being in *custodia legis*, the power of the constable in respect to it is not different from that of a receiver who has taken property in possession under the order of the court appointing him. It has been ruled that when a receiver was authorized by an order within the jurisdiction of the court to store goods, he was authorized to create a valid lien upon them by such storage. *Ward v. Moffett*, 38 Mo. App. 400; *Vette v. Leonori*, 42 Mo. App. 217. And as was well said by Judge THOMPSON in *Wycoff v. Southern Hotel Co.*, 24 Mo. App. 382: "We do not doubt the principle that when personal property comes lawfully into the

possession of a third person and he stores it, or otherwise cares for it and preserves it, he is entitled to a lien for his reasonable compensation."

If the property in dispute had been sold under an order of the court in the attachment suit in pursuance of the authority conferred by section 547, Revised Statutes, it is quite clear that the purchaser would have acquired a title good against the world. *Young v. Kellar,* 94 Mo. 581. In such case no reason is perceived why the lien of the warehouseman on the property for its storage would not have attached to the proceeds arising from the sale in the custody of the court, nor why it could not have interpleaded in the attachment suit and therein set up its lien claim to so much of the ·fund as would pay its reasonable storage charges.

No doubt, it might waive the lien, and trust to the constable to include the amount of the storage charges in any allowance made to him under section 549. It would, in such case, look personally to the constable for payment. Such a charge of the constable would be a lien upon the property which would have to be satisfied before the proceeds of the sale of the property could be applied upon the judgment or execution. *McNeil v. Bean,* 32 Vt. 429.

But if, as is the fact here, the attached property was not sold at all, and the lien of the attachment is released by the defendants discharging the judgment and all costs taxed, what then becomes of the lien of the warehouseman for the storage due him? The constable has procured no allowance including the warehouseman's storage, nor has the latter requested the former to do so. The property is no longer in *custodia legis.* The owner of it will not pay him his storage charges. Has he lost his lien, and must he surrender the possession of the property on the demand of the

owner? We think not; but, on the contrary, that, when the property was released from the lien of the attachment, the warehouseman's lien remained and was as binding and effectual as if the property had been stored by the plaintiff owner himself, instead of by the constable who was authorized by law to do so. It can make no difference in principle whether property is stored by the owner or another who has it in lawful custody; for, in either case it is, as we think, alike, subject to the warehouseman's common-law lien for the reasonable storage charges.

If property in *custodia legis* is stored, and while so being, is sold under judicial process, the purchaser would take it, no doubt, discharged of the warehouseman's lien; but the lien would, we think, as already intimated, be valid against the proceeds arising from the sale in custody of the court; but, whether this is so or not, no such question arises here, because the property was released from the custody of the law without sale, so that the only question really, after all, is, whether the constable had the power to store the property, which, as we have seen, he did; then the warehouseman was entitled to a lien for his storage charges, unless he has in some way waived the same.

Nothing is perceived in the evidence showing a waiver. The receipt given the constable evinces no such intention. A bailee's right of lien is highly favored, and the law is against presuming a waiver or extinguishment. It is a matter of intention between the parties and must be established by him who asserts it. Schouler's Bailments, pp. 128, 550–547; *Bird of Paradise*, 5 Wall. 545, 558; *Faulkner v. Harding*, 9 Mo. App. 12; *Muench v. Bank*, 11 Mo. App. 144; *Monteith v. Great Western Print. Co.*, 16 Mo. App. 450.

Under the ruling in *Delworth v. McKelvy*, 30 Mo. 154, and the later cases to the same effect, the defense

interposed by the answer was a proper one in the case, and the judgment of the trial court upholding the lien was proper and must be affirmed. All concur.