[File No. 6165.]

MARTIN AAS and Lewis Mortensen, Respondents, v. ST. AN-
THONY & DAKOTA ELEVATOR COMPANY, a Foreign
Corporation, Appellant.

(249 N. W. 917.)

Opinion filed August·10; 1933.

*Libby & Harris,* for appellant.

*Bothne & Bothne,* for respondents.

BIRDZELL, J. This case involves the right of the defendant elevator company to storage charges as against the mortgagee of grain stored by the mortgagor after the mortgage was in default. The facts may be briefly stated as follows: In November, 1928, Martin Dyrness, a tenant of one Idegaard, gave a note to Martin Aas and Lewis Mortensen for $960.25, due October 1, 1929. To secure the note he executed a chattel mortgage covering his one-half interest in crops of every kind to be grown and harvested during the year of 1929. The mortgage also secured advances in a sum not to exceed $400. The mortgage was promptly filed in the office of the register of deeds. In the fall of 1929 the crop was harvested and placed in a granary, where it was kept until May or June of 1930, at which time it was all hauled to the defendant's elevator by Dyrness. There it was divided and storage tickets were issued to Idegaard for the landlord's share and to Dyrness for his share. Meanwhile, in December, 1929, the indebtedness of Dyrness to Aas and Mortensen was renewed into a note for $1081.49, payable three months after date. Upon this note there were credits of $839.79 before the grain was stored with the defendant, and the note was in default as to the balance and remained in default, except for a small payment of $18.35 in December, 1931, until the trial of this action. In September, 1930, Dyrness sold the grain and delivered up to the defendant the storage receipts. A year later the plaintiffs, through their attorney, demanded possession of the grain or its market value at the date of the demand. Upon failure to comply with the demand the instant action was brought. The case was tried to the district court without a jury, resulting in a judgment in favor of the plaintiffs for $247.60, the balance remaining due to the plaintiffs on the Dyrness indebtedness, and for costs. The defendant appeals.

The principal contention is that, inasmuch as the defendant is a public warehouseman required by law to receive for storage, so far as the capacity of its warehouse will permit, all grain which is sound and in a warehouseable condition (Laws 1927, chapter 155, § 18) and is required to charge for storage the rate prescribed by the statute and forbidden to discriminate (Laws 1927, chap. 155, §§ 18 and 24), its lien

for storage should be declared to be prior to the lien of the mortgage, even though the grain be stored without the knowledge or consent of the mortgagee.

The warehouseman must be held to have had constructive notice of the mortgage and of the fact that the mortgage debt was past due and the mortgagee entitled to immediate possession for the purpose of foreclosure. The law is that a mortgagor cannot create a lien for storage upon the property that shall take precedence of his duly recorded mortgage and that the mortgagee does not make the mortgagor his agent by allowing him to remain in possession after default so as to render the "mortgagee liable for storage to a warehouseman in whose hands the mortgagor has placed the goods." 2 Jones, Chattel Mortgages & Conditional Sales (Bower's ed.) § 472; Vette v. Leonori, 42 Mo. App. 217; Eisler v. Union Transfer & Storage Co. 16 Daly, 456, 12 N. Y. Supp. 732.

While our statutes governing grain storage recognize the public nature of the warehouseman's calling by requiring it to receive for storage all grain that is in proper condition and forbid discrimination, we must assume that they were passed with a knowledge of the common law. In the absence of some clear or definite expression in the statutes of an intention to change the law or to establish a conflicting rule, we must hold the mortgage to be prior as at common law. See Holmes v. Klein (Tex. Civ. App.) 59 S. W. (2d) 171. This is not to say that a mortgagee may not be subjected to an obligation for storage where he is notified that the grain is so held (but as to this we express no opinion), or where the circumstances show his implied assent to the storage. But this is not such a case.

For purposes of this opinion it may well be assumed that the mortgagee was not necessarily injured by the defendant's purchase of the grain from Dyrness, inasmuch as it was bound to respect the plaintiffs' rights under the mortgage. See 2 Jones, Chattel Mortgages & Conditional Sales (Bower's ed.) § 490a. Moreover, it would be charged with the duty of surrendering possession to the mortgagee upon demand for purposes of foreclosure, and the failure to comply with a proper demand in such circumstances is in itself a conversion. Sand v. St. Anthony & D. Elevator Co. 49 N. D. 502, 506, 191 N. W. 955, 956. The conversion in the instant case is predicated upon the refusal of

the defendant to deliver possession upon demand; so we are not concerned as to whether there was in fact a conversion before such demand and refusal. Had demand been made upon the defendant by the plaintiffs before Dyrness sold the grain, it would have been equally the duty of the defendant to have complied with such demand and the plaintiffs could have predicated an action of conversion upon the defendant's failure to comply. Had such demand been made promptly after delivery of the grain to the defendant, the general rule which precludes a lien for the storage becoming prior to the lien of the mortgage clearly would have applied, and we can see no reason why the same rule is not applicable where the demand and refusal are more remote from the time of the original delivery—at least in the absence of any showing that the mortgagee assented to the storage.

We are not concerned here with a demand and refusal which merely evidences a prior conversion. In this case conversion is based wholly upon the failure of the defendant to comply with the demand made in September, 1931. What had transpired prior to that time is wholly immaterial, except as it shows the plaintiffs' special property and right of immediate possession. The plaintiffs have shown that they are damaged to the extent of their special property, within the value of the grain at the time of the demand and refusal (Sand v. St. Anthony & D. Elevator Co. supra (49 N. D. at page 509, 191 N. W. 955) and cases therein cited); and, in the absence of a showing that the plaintiffs were in some way bound by a storage contract, it is immaterial, for purposes of this action, whether the grain had been placed in storage immediately before the demand or a considerable time before.

Judgment affirmed.

Nuessle, Ch. J., and Burke, Christianson and Burr, JJ., concur.