DANIEL FELKER *v.* S. P. W. EMERSON.

In the absence of one from the country for months, leaving his wife and minor sons upon his farm, the wife is to be considered the head of the family and the general agent of the husband; and her agency will not only extend to the ordinary incidents of the business, but to all such extraordinary incidents, as might have been reasonably expected sometimes to occur.

When a husband left his farm and stock of cattle so in charge of his wife and sons, and was absent many months, and the cattle and hay were attached in his absence on debts owed by him, and the hay was fed to the cattle by the officer at the request of the wife, it was held that the husband was bound by her act.

TROVER for a quantity of hay, &c. Plea, the general issue, and trial by jury.

On trial, the plaintiff having closed the evidence upon his part, the defendant proved that the hay sued for, together with other property belonging to the plaintiff, consisting of several cattle, &c., was taken by him, as deputy sheriff, by virtue of two writs of attachment against the plaintiff; that the attachment was made in the absence of the plaintiff, and the property was moved by the defendant to the barn of one Merrill, and there kept, and that the hay attached was fed out to the cattle attached; all which the jury found was done by the consent of the plaintiff's wife and by virtue of an understanding had between her and the defendant.

It appeared that the plaintiff, at the time of the attachment, had been absent from home about two months, and was then expected at home immediately. The family left at home by him consisted of his wife and his minor sons. It did not appear that any other person was left, in his absence, to superintend his affairs. It also appeared that the plaintiff returned home in about one month after the attachment, and that he then refused to have any more of the hay fed out under the aforesaid arrangement.

The court charged the jury that the wife of the plaintiff, in his absence, had authority to make such arrangements with the defendant, under the circumstances, and that such arrangement required no ratification by the plaintiff, in order to justify the defendant in feeding out the hay, as aforesaid, provided the jury were satisfied, that, under all the circumstances, such arrangement was for the benefit of the plaintiff.

The jury returned a verdict for the defendant. Exceptions by plaintiff.

————  ———— for plaintiff.

*B. H. Smalley* and *T. P. Redfield* for defendant.

The plaintiff's wife, during his absence, having the care of the

Felker *v.* Emerson.

property in question, had authority to make the arrangement with the defendant, mentioned in the bill of exceptions, and the plaintiff was bound by it. *Stone* v. *Carr*, 7 Petersdorf 36, 3 Esp. R. 1. *Rawlyns* v. *Vandyke*, 7 Petersdorf 39, 3 Esp. R. 250. *Church* v. *Landers*, 10 Wend. 79. 1 Sw. Dig. 31, 327. 1 Selw. N. P. 219. Reeve's Dom. Rel. 79, 80. Str. 345. 1 Com. on Cont. 163. LD. KENYON in 1 Esp. R. 142. 10 Johns. 46, 381.

The opinion of the court was delivered by

REDFIELD, J. There is an express statute, that property taken upon execution "shall be safely kept *at the expense of the debtor.*" Rev. St. ch. 42, § 3. There is no such provision in regard to property attached on *mesne* process. But the case of *Dean* v. *Bailey*, 12 Vt. 142, which was decided upon the authority of another case, not reported,—*Jackson* v. *Scribner*, Orange County,—and which was distinctly remembered by some members of the court, is put upon the ground that such is the rule in regard to property so attached. Not having been present when the case now before the court was passed upon at the last term, I do not know how far the rule upon this subject may have been modified.

But we are all now agreed, that the debtor, at the time this hay was fed out to the cattle, was so far interested in their support, that it must be considered a matter fairly within the general scope of his business, which was left in charge of his wife. It is true he left boys, minor children, to assist in the labor of his farm; but the wife must be considered, in his absence, the head of the family, and his general agent for all the purposes of the business left under her charge and control. And this general agency must extend, not only to those incidents which come within the ordinary scope of the business, but to any such extraordinary occurrences, as it might have been anticipated would sometimes occur; of which the attachment of a man's property, when he was owing debts, and had been absent many months, is surely one. The debtor is therefore clearly bound by the act of his wife, under the circumstances of this case.

Judgment affirmed.