ISAAC MCNEIL *v.* AMOS P. BEAN.

*Attachment. Officer. Practice.*

The charges of an officer for keeping property, which he has attached, during the pendency of the action under which the attachment was made, constitute a lien upon the property, which must be satisfied before the proceeds of the sale of the property are applied upon the execution; and it is not necessary in order to preserve this lien that these charges should be taxed as costs and included in the execution.

But this priority of lien extends only to the avails of the property itself, which is so kept; and an officer is not justified in applying to the satisfaction of such untaxed charges, in preference to the payment of the execution, money which he receives from one who has become recognized to the plaintiff for costs, and who makes such payment in satisfaction of his liability under such recognizance.

SCIRE FACIAS upon a recognizance by the defendant to the plaintiff for costs in a suit in favor of the plaintiff against William and Willard Leland, which was appealed from before a justice by said Lelands.

The facts in the case are sufficiently set forth in the opinion of the court.

*J. P. Sartle* and *T. P. Redfield*, for the plaintiff,

*J. H. Prentiss*, for the defendant.

ALDIS, J.   The plaintiff sued William and Willard Leland in an action of trespass, and attached a horse belonging to one of the defendants.   The suit was originally brought before a justice of the peace, but was appealed to the county court.   While pending there this defendant was recognized to the plaintiff in one hundred dollars for costs of prosecution, and the present action is *scire facias* upon that recognizance.   The original case was finally decided in the supreme court, the plaintiff recovering three dollars and seventeen cents damages and seventy-six dollars and thirty-two cents costs, for which he took out execution.   The horse which was attached  remained all this time in the possession of the officer who attached it, and his charges for keeping the horse amounted to one hundred and sixty-five dollars and ten cents.   The horse was sold on the execution for seventy-three dollars, and the avails after paying two dollars and seventeen cents for fees and charges on the execution were applied, not upon the execution, but in part payment of the charges of the officer for keeping the  horse, and leaving a balance still due him therefor of about ninety dollars.

The defendant insists first, that the officer levying the execution had  no right so to apply the money, but that he should have applied it upon the execution.   He claims that the plaintiff should have had the charges for keeping the horse taxed like other costs and included in the execution, and that  unless so included in the execution the officer had no right to  apply the avails upon the charges for keeping.

The language of the statute, (Comp. Stat., p. 310,) authorizes the officer to sell the property " to satisfy the execution with the legal costs and charges thereon."   " The moneys arising from the sale shall be applied to the payment of the charges and the satisfaction of the execution."   The words " the charges" mean, we think, charges on the execution, not the charges which accrue prior to judgment.

" The moneys arising from the sale " must mean the moneys

arising from the sale of the debtor's interest after paying off liens and incumbrances (if any) which are prior to the execution. Are the charges for keeping a lien upon the property which must be paid before applying the avails upon the execution? If they are, is the lien lost by omitting to have such charges taxed as costs and included in the execution?

It is clear that there is no contract between a defendant whose property is attached and the officer attaching it, by which the defendant becomes liable to him for the charges of keeping. The defendant may recover in the suit. If he does, he is entitled to have his property back without paying any costs or charges for keeping. In such case the attaching officer must look for his pay to the plaintiff or person who employed him to make the attachment.

But the attachment creates a lien on the property to respond the judgment if one should be recovered by the plaintiff. Hence if he recovers, he has the right to have the attached property sold and the avails applied upon the damages which he may recover and the costs of suit which may follow the judgment. The fees of the officer in attaching the property are costs of suit. As he is bound in law to keep the property he attaches to be sold on the execution, which the plaintiff may recover, he must be entitled to the expense he necessarily incurs in so doing. It has always been considered in this State that such charges become by operation of law a lien on the property, and when the property is sold the avails must in the first instance, (after paying the costs of the levy and sale,) be applied in payment of such charges. This is done to ·protect the officer in the necessary discharge of his duty, and nothing can be more reasonable. We do not understand that the defendant denies that such charges are costs which might be taxed and included in the judgment and ought to be paid, but he claims that if not taxed and included in the judgment they cease to be taxable costs and the lien is lost, in short that they are like all other taxable costs, which cannot be paid by the officer with moneys arising from the levy of the execution unless they are taxed and included therein.

There is nothing in the statute which by express terms requires such costs to be taxed and included in the judgment, or directs or

forbids the payment of them with the avails of the property sold on the execution. To determine this point it is reasonable to consider the practice of the courts as to the taxing of such costs, and the custom which prevails as to the application of moneys in payment of them.

We believe we may say that it has been the practice of the courts not to tax such costs and include them in the execution, a practice which has always existed in this State, and has been very general, perhaps we may say almost universal. On the contrary it has been left to the officer collecting the execution to pay these charges, in the first instance before applying anything on the execution. We think it has been the general understanding of the profession and of the courts that the charges for keeping property are a lien upon the property, in the keeping of which the charges accrue, when the party making the attachment recovers judgment. Such a custom, so general and so ancient, and which is in continual and common use, (for cases for the application of it arise every day,) must be regarded as having given a practical construction to the statute. If we were to reverse this practice and decide that officers could not so pay such charges unless taxed as costs, we should expose them in the numberless instances where they have done so, to harassing and inequitable lawsuits by debtors to recover back the moneys so applied. This would be opening a wide door to unjust litigation. If this were a new case and the practice now first to be established, we might hold it better to require such charges to be taxed like other costs and to be included in the judgment. There seems to be but little reason for making a difference between them and other costs, and there would be less danger of abuse if they were to be directly subjected in the first instance to taxation by the clerk or court.

It further appears in the case that another person recognized to the plaintiff for costs in the original suit of the plaintiff against Lelands has paid fifty dollars to the plaintiff, and that he has applied the same on the charges for keeping. It does not appear that this was done by the direction or consent of the defendant or the party paying it. In such case we think the law would apply it in the first instance upon the execution. Such an

application seems to be most reasonable and equitable, and most consistent with what may be presumed to have been the intent of the parties.

As the case stands upon demurrer to the replication, the demurrer must be overruled. But as issues are joined upon another plea, the case must stand for trial upon those issues.