IRA P. HARRINGTON *v.* A. G. HILL, AND A. M. JACKMAN, TRUSTEE.

*Officer.   Gen. Sts. c. 12, s. 29.   Trustee Process.*

The general ownership of property taken on execution and of the avails of the sale thereof, remains in the execution debtor until, by lawful proceedings on the execution, it is transferred in part to the execution creditor and in part to the officer in payment of his fees.  The officer, to entitle himself to his part therein, must proceed in strict compliance with s. 29, c. 12, Gen. Sts., which provides that the officer serving process must indorse thereon his fees and charges, &c.   If he return the process satisfied, but without a detailed return of his doings thereon, and without an itemized minute of his fees, and retain his fees, the execution debtor may recover their amount of him in assumpsit, or a creditor of the debtor charge him therewith as trustee.

*Semble* that where the officer does special service in putting the property in condition to sell, he may, when summoned as trustee, be allowed a reasonable sum for that service, and for service in and about the sale, notwithstanding his non-compliance with the statute.

TRUSTEE PROCESS.   The commissioner reported in substance as follows :

The trustee offered in evidence a statement of his account with the defendant, from which I find that there is due from the defendant to the trustee the sum of $7.99, unless the court should be of opinion that the balance is varied by the findings relative to certain items of the account as hereinafter stated.   I find that in the fall of 1867 and early in the winter of 1868, a large number of writs against the defendant were placed for service in the hands of the trustee, a deputy sheriff, who attached the defendant's property thereon ; that one Anson Davis, also a deputy sheriff, had levied on said property in favor of different parties, and that the property was advertised for sale ;  that the defendant requested the trustee to put the property in repair before the sale, which the trustee did, charging therefor in said account the sum of $25, which I find to be a reasonable sum, although I do not find that the trustee spent any money or much time therein ;  that the property was all sold, both the trustee and Davis attending the sale, one selling the property and the other keeping the minutes of the sale ; that after the sale the trustee paid over to Davis the amount of the execution in his hands, and the sum of $30, his legal fees for levying and collecting the same ;  that the trustee charged in

said account the sum of $37.14, his legal fees for collecting the executions in his hands ; that Davis never made any return on the execution in his hands, nor put thereon a detailed statement of his fees, and that the trustee never made any return on the executions in his hands, nor put thereon a detailed statement of his fees, but that he minuted on each the gross sum, and the fact that the execution had been satisfied out of property sold at auction. The plaintiff insisted that the trustee was chargeable with the sums so retained and charged as fees. If he is properly so chargeable, then—adding those two sums and taking $7.99 from their amount, and adding to the difference the sum of $28.39 for eight years interest thereon—I find credits to the amount of $87.54 in the hands of the trustee, for which he should be held chargeable. But if the trustee is not entitled to fees on said executions, then I find that his services in and about the defendant's business were reasonably worth the sum of $40, with the further sum of $19.20 for eight years interest thereon, making in all $59.20. The plaintiff also claimed that if the trustee was allowed his legal fees on the executions, he was not entitled to pay for putting the property in repair.

At the March Term, 1877, the court, REDFIELD, J., presiding, adjudged that the sum of $37.14 for fees on the executions and the sum of $25 for preparing the property for sale, should be disallowed with interest ; that the trustee should be allowed the sum of $40 with interest, as reported, for his trouble and expense in and about the sale ; and that the trustee was chargeable with the balance in his hands computed on that basis. Exceptions by trustee.

*H. W. Heaton,* for the trustee.

The question raised does not call for a construction of s. 29, c. 12, Gen. Sts. The plaintiff acquired no right in the property sold by the trustee and Davis. He stands in no position to question the proceedings.

If the fees taken were illegal, the money is not so held by the trustee as to be subject to this process. *Barker* v. *Estey,* 19 Vt. 131 ; *Fish* v. *Field,* 19 Vt. 141.

Section 17, c. 125, Gen. Sts., provides a remedy for one aggrieved by the taking of illegal fees.

Harrington v. Hill and trustee.

*J. A. Wing*, for the plaintiff.

An officer who sells property on execution cannot retain his fees without making his return. Gen. Sts. c 12, s. 29.

Plaintiff stands in no relation to the trustee that prevents him from reaching funds in the trustee's hands. Trustee process lies against an officer to recover money in his hands that in equity belongs to the debtor. *Hurlburt* v. *Hicks*, 17 Vt. 193; *Bullard* v. *Hicks*, 17 Vt. 198; *Lovejoy* v. *Lee*, 35 Vt. 430; *Adams* v. *Lane*, 38 Vt. 640.

The opinion of the court was delivered by

Ross, J. The only question raised is in regard to the liability of the trustee, and its decision turns upon whether an officer who has taken and sold property on an execution and returned the execution satisfied, with no detailed return thereon of his doings, and without itemizing his fees, can, when called to account by the defendant in the execution, legally retain the amount which the law would have allowed him as fees if the return had been fully made and the fees itemized, or whether he must account for the proceeds of the property sold above what is necessary to satisfy the amount of damages and costs in the execution. It is evident that under the decisions of this court which hold an officer liable in this process for money collected by him on an execution, the plaintiff, who by the trustee process comes into the rights of the defendant, can hold the trustee for any surplus of this kind remaining in his hands if the defendant can enforce a payment thereof to him; for the defendant could only enforce payment to him on the ground that the money remaining in the trustee's hands was his money, and that it had never become the money of the trustee because of his failure to so conduct himself in making his return that the money became lawfully the trustee's. The general ownership of property taken on execution and the avails of its sale thereon, remains in the defendant in the execution, until by lawful proceedings on the execution the ownership is changed to the plaintiff in the execution or to the officer for his fees. By s. 29, c. 12, Gen. Sts. (which chapter treats among other things of the powers, duties and liabilities of sheriffs,) it is

Harrington *v.* Hill and trustee.

provided : " The officer serving any process shall indorse thereon his fees and charges, and shall specify the number of miles from the place of service to the place of return, otherwise his fees shall not be allowed." It can hardly be claimed that this language does not make the indorsement of his fees in the manner specified a condition precedent to his right to demand payment of them from the plaintiff in the process, or to retain them out of money of the defendant which may come into his hands on the process. By it no fees as such are earned until the endorsement is made. This section of the statute and the duty imposed are entirely independent of ss. 16, 17, c. 125, Gen. Sts., which make *any officer* who knowingly receives greater fees than allowed by law, liable to the person aggrieved for tenfold the excess so received. Hence it cannot be said that its requirements are in aid of the section cited from c. 125, and that it is to be construed with that view. A sheriff is clothed with arbitrary and extensive powers. Both of the parties to the process committed to him for service are more or less at his mercy in reference to the amount and payment of his fees. Section 29, quoted above, has this fact in view, and is designed to protect the parties to the process from unjust exactions by him for the service of the same, by requiring that he shall make a clear statement of the items of his charges before he shall be entitled to or allowed the same. The trustee, never having complied with this provision of the statute on the processes which be served on the defendant, cannot, in the accounting with the defendant for the property taken and sold on such processes, although such accounting enures to the benefit of the plaintiff, be allowed his charges or fees. The County Court went quite as far as warrantable in allowing him in the accounting a reasonable sum for all his services both in serving the processes and under the contract of May 23d, 1868. The case, *Houston* v. *Howard*, 39 Vt. 54, is clearly distinguishable from the case at bar. The defendant in that case was a trespasser, and not one of the parties to the process on which the charges were made. Besides, the officer had amended his return of his fees so as to comply with the statute. Here the defendant, on whose right the plaintiff stands, was the general owner of the funds in the trustee's hands,

and had the right to call him to an accounting for the money received by him from the sales made on the executions. We find no error in the judgment of the County Court, and that judgment is affirmed.