WILLIAM H. ALLEN v. MINNESOTA LOAN & TRUST COMPANY.[1]

April 22, 1897.

Nos. 10,510—(168).

**Husband and Wife—Actions—Desertion—Due Process of Law—Pleadings.**

G. S. 1894, § 5165, provides that "when a husband has deserted his family the wife may prosecute or defend, in his name, any action which he might have prosecuted or defended, and shall have the same powers and rights therein as he might have had." *Held*, that this law is constitutional. *Held*, further, that the complaint in this case states a good cause of action.

Action in the district court for Ramsey county by William H. Allen, by Anna L. Allen, his deserted wife, against the Minnesota Loan & Trust Company. From an order granting defendant's motion for judgment on the pleadings, Kelly, J., plaintiff appeals. Reversed.

*Humphrey Barton*, for appellant.

*W. J. Hahn and J. M. Martin*, for respondent.

BUCK, J. About February 11, 1888, the defendant was appointed guardian of the person and estate of Edith M. Allyn, a minor, and it continued such guardian up to the time of the commencement of this

[1] Reported in 70 N. W. 800.

action, the parents of said Edith M. Allyn having died prior to February 1, 1888. She was in no way related to said William H. Allen or his wife. During many years prior to March 19, 1895, William H. Allen, who is designated in this action as plaintiff, and Anna L. Allen, who is designated herein as his deserted wife, were husband and wife, living and cohabiting as such, and from about the month of February, 1888, until said month of March, 1895, they supported and cared for the said Edith M. Allyn during nearly all the time of such guardianship, substantially as though she were their own child; but they were never paid therefor, except that the defendant claims it paid for the clothes and school books of said ward.

About the month of March, 1895, said William H. Allen deserted his said wife, and has ceased to live with, support, or care for her, and never returned to her, and his whereabouts have never since been known to his said wife. About the same time Edith M. Allyn left the home of said Allens, and her whereabouts do not appear to be known to defendant or said Anna L. Allen, and the latter, using the name of her husband as plaintiff, seeks to recover of the defendant the value of the expense of supporting and caring for said minor child, and to this end this action is commenced, and entitled "William L. Allen, by Anna L. Allen, his Deserted Wife," basing her right to do so upon G. S. 1894, § 5165, which reads as follows:

"When a husband has deserted his family the wife may prosecute or defend, in his name, any action which he might have prosecuted or defended, and shall have the same powers and rights therein as he might have had."

When the cause was reached for trial in the court below, a motion for judgment on the pleadings in defendant's favor was granted, but subsequently amended to read as follows:

"Ordered, that defendant's motion for judgment in defendant's favor on the pleadings be, and the same is, hereby granted, in this: That the complaint be dismissed, without costs and without prejudice to said William H. Allen or his assigns prosecuting against this defendant any action that may be for the same alleged cause of action, and without prejudice to the rights of said William H. Allen or his assigns in said alleged cause of action, or any part thereof."

The grounds upon which defendant challenges the right of the deserted wife to maintain this action are as follows: (1) If this action

is an action by and through which the wife seeks to collect the amount claimed of defendant by simply prosecuting the suit in the name of the husband, and it can be maintained that that is what the section under consideration authorizes, then the act in question is unconstitutional, as depriving the husband of his property without due process of law.   (2) That if that is not what this section means, then it can only mean what it was construed to mean by the court below, viz.:   That the action must concern the property rights of some remaining member of the family, and that it is only in such cases where it is necessary to enforce or defend such rights that an action of this kind can be prosecuted; that it does appear on the face of the complaint that this action does not involve the enforcement of any such right.   (3) The complaint is bad, in that it fails to show facts necessary to constitute a desertion within the meaning of the law.

We do not assent to the proposition that the law is unconstitutional.   There is no attempt to deprive the husband of his property without due process of law.   The statute does not authorize the taking of the private property of the husband, and transferring it to the wife.   It simply authorizes her to maintain his rights by an affirmative proceeding in his name, or defend them in the same manner.   If she succeeds, the fruit thereof does not belong to her, but to him. The language of the statute does not in the slightest degree authorize any other construction.   In all actions or proceedings he is the principal named, and she is the legally authorized agent to save his rights or property.   The rights existing as between husband and wife are not those in controversy.   Her claim or rights in the proceeding are not adverse to his, but in aid thereof.   It is true, her own rights might, in some cases, be jeopardized by inaction upon her part; but one effect of the law would be to maintain or protect his rights.

If it be said that the proceeding seeks to bind him without his knowledge or consent, we answer that it is no more so than where the innocent wife pledges the credit of her husband for suitable necessaries, when the husband, without cause, has deserted her, or turns her out of their home, and she is without other means of obtaining such necessaries, and in this respect she binds him as agent.   In such case his misconduct gives to her act the presumption of the authority of law, and, if the facts sustain the presumption, it is irrebuttable. There may be a delegation of agency or authority created by law as

well as by the real act of the person. By contracting the relation of husband and wife, he takes upon himself the duty of supplying her with necessaries, and if, through his own fault, he does not, she, by reason of the marriage relation, has the implied authority as his agent to procure such necessaries, and the husband is responsible for what is so supplied. It might just as well be said that this is taking and transferring his property to some one else without due process of law as to say that this is the effect of the statutory law under discussion. It was the common law that clothed the wife with this authority to procure necessaries under such circumstances, but in the case at bar it is the positive enactment of a legislative body delegating this power to the wife, as agent of her husband, in case of his misconduct.

If such power was attempted to be delegated by the legislature to one person to prosecute or defend in the name of a stranger any action which he might prosecute, with the same rights therein as he might have had, we are not prepared to say that it would not be unconstitutional, especially where the relation of guardian and ward did not exist. The insane, idiotic, spendthrift, and infants are notable instances where persons are appointed to care for them, and bring or defend actions in their behalf, without their knowledge or consent. Such proceedings were never supposed to authorize the transfer of their property without due process of law, nor that they so operated in law or fact. These laws are for the protection of the unfortunate, sometimes to govern the vicious, and generally to uphold public welfare.

Now, when a man enters into the marriage relation, he yields to the changed condition imposed upon him by law. While he enjoys its benefits, he cannot disregard its obligations, either private or public. It was once wittily said that, in the eye of the common law, upon marriage the husband and wife became one, and that one was the husband. But the fiction of the common law, with much of its harshness and injustice, has been done away with by more sensible and humane legislative enactments giving the wife greater personal freedom and equality of property rights. This statutory provision is in line with the trend of such statutory laws.

Many instances might be given where the rights of the family would be entirely destroyed or greatly lessened if the wife could not prosecute or defend in the name of the husband. Suppose his title

or rights in the homestead were attacked by action, and, by reason of his desertion of his family, he did not, or would not, defend, her own and the children's valuable property rights therein might be seriously jeopardized, or entirely lost, if she was not allowed to defend in his name, as authorized by this law. The same might be said of other property, real or personal. Again, suppose that a trespasser was committing waste upon the homestead or other real property, or destroying the crops upon which the support of the family depended; must the wife remain inactive and powerless? We think that the highest considerations of public policy as well as the family welfare demand that this should not be permitted. The wrongdoer should not be thus permitted to succeed by reason of the misconduct of a faithless husband deserting his family without just cause.

The act is not intended to concern merely the property rights of some other member of the family than the wife, but is broad enough to, and does, authorize the wife to prosecute or defend such actions as he might, in case of such desertion, personally prosecute or defend. In name and as plaintiff he is the real party in interest, and, if he sees fit voluntarily and willfully to violate his marital obligations, then the irrebuttable presumption of law arises that he has cast upon his wife a delegated authority as his agent, not only to protect his right, but that of the family, as the latter's rights may very materially depend upon those of the husband. Continued desertion for a certain period would ripen into a cause of divorce in behalf of the wife, in which case she might be entitled to one-third in value of the real and personal property of the husband, and the minor children to their support out of his property. Such property should not be permitted to be lost or sacrificed through the willful desertion of the husband, and, in our opinion, the beneficent provisions of the law do not permit it.

The amount involved here is the sum of $3,000, which, it is claimed, accrued not merely by reason of the services rendered by the husband, but by his wife as well, for the support and care of this young girl, commencing when she was nine years old, and extending over a period of about seven years. The defendant, in order to avoid any liability, pleads as one of its defenses the statute of limitations as to part of the claim; thus showing the necessity of prompt action upon the part of the deserted wife if she would save the right of action for the recov-

ery of the amount which she claims is justly due her husband, and of which she has evidently earned a good share, if the claim is a valid one. This rule, which we think applicable to this case, does not extend so far as to authorize the wife to dispose of the husband's property unless, perhaps, for necessaries for the family. Nor, in case of an action in his name for the recovery of property or damages for injury thereto, would she have any greater or any more of a vested right therein than she had before the desertion. G. S. 1894, § 5165, makes her the statutory agent of the husband for certain purposes, and the fact that she must proceed in his name directly and irresistibly repels the idea that the fruits of any affirmative or defensive action are to belong to any person other than the husband. His desertion strengthens or adds to the power of the wife to act in his behalf, and protect and preserve the property left in her implied care; and hence with the right to prosecute or defend actions relating thereto. And by analogy she would have the right to prosecute an action of the character of the one at bar.

While several of the states have statutory enactments substantially the same as our own, we have not been able to find any decision bearing directly upon such laws, nor have we been cited to any by either of the respective counsel. In 1 Bishop, Marriage and D., c. 33, (6th Ed.) the general rule is laid down that commonly the presumption is that the wife may protect and preserve the property left in her implied care, but neither sell nor destroy it; yet in some circumstances even the power of preservation implies some power of disposition. Thus, a husband being away on military service, proceedings being instituted to confiscate his property, the wife may employ counsel, and make the proper and usual defense, and charge him therefor; citing Buford v. Speed, 11 Bush, 338. He also cites the case of Felker v. Emerson, 16 Vt. 653, where Judge Redfield lays down the law to be that, in the absence of one from the country for months, leaving his wife and minor sons upon his farm, the wife is considered to be the head of the family, and a general agent of the husband, and her rule extends to the ordinary incidents of the business.

The act under consideration enlarges the authority of these rules of the common law, and, while there may be no justification for the misconduct of the husband, yet where, for instance, he leaves uncollected debts or property in the care of the wife, the presumption

would arise that he meant she had the power to preserve the property and collect the debts. When to this presumption is added the express legislative authority, which he is also presumed to know and understand, and assent to by his willful desertion, there can be no reasonable doubt but what the law is valid and constitutional.

We are also of the opinion that the complaint states a good cause of action.

Order reversed.

START, C. J., and COLLINS, J. We dissent. The statute in question, like every other which is couched in general terms, is necessarily subject to implied exceptions founded in maxims of natural justice. It must be construed so as to give effect to the beneficent purpose for which it was enacted, which was the protection of the deserted wife and family, and not for the protection of the absconding husband. It must not be construed so that either the debtor of the husband will be subjected to the liability of paying his debt twice,—first to the wife, second to the husband,—or that the husband must be deprived of his property without an opportunity to contest the charge of desertion in a court of justice. We are therefore of the opinion that the statute should not be construed as extending to actions for the collection of choses in action of which the husband is the absolute owner.