ADEN C. TEMPLETON v. CAPITAL SAVINGS BANK & TRUST CO.

January Term, 1903.

Present:  TYLER, MUNSON, START, STAFFORD, and HASELTON, JJ.

Opinion filed April 5, 1904.

*Attachment—Securing Property—Officer's Fees—Indorsement on Writ—Time of Recovery.*

A sheriff may recover directly from the plaintff his expenses in keeping attached property which the plaintiff released from attachment before the termination of the suit.

The right of a sheriff to recover of the plaintiff his expenses in keeping attached property which the plaintiff released from attachment before the termination of the suit, and his reasonable charges for securing property after the completion of services and the return of the writ, is not dependent upon such items being indorsed on the writ as part of his fees.

A sheriff's charges for securing and keeping the attached property, which the plaintiff has released from attachment, may be recovered of the plaintiff before the termination of the suit in which the attachment issued.

GENERAL ASSUMPSIT by an officer to recover his fees. Plea, the general issue. Trial by court at the September Term, 1902, Washington County, *Watson*, J., presiding. Judgment for the plaintiff. The defendant excepted.

The items in dispute are the following:

Cash paid for feeding six horses, attached at Calais.. $4.00
Cash paid for keeping six horses 67 days at 50 cents
    per day for each horse.......................... 201.00
Officer's services securing property at Groton......    5.00

In respect of these items the court found that subsequent to the making of the attachment, and after the writ was returned and docketed, the attorney of the plaintiff in that suit—the defendant in this—learned that the horses attached were about to be taken into the State of New Hampshire; that thereupon he directed the officer to secure the horses; whereupon the officer went to Groton, with assistance, and took the horses into his possession; that his charge of $5.00 therefor is reasonable, that after the officer had thus taken the horses into his possession, and had been to the expense of $201.00 for their keeping, the attorney for the plaintiff in that suit—of the defendant herein—being convinced that the horses were covered by valid chattel mortgage held by parties in New Hampshire, directed the officer to release the horses from attachment, which he did and delivered them to said New Hampshire parties. The opinion states the other facts.

*J. T. Deavitt* and *Edward H. Deavitt* for the defendant.

*Senter & Senter* for the plaintiff.

A lien is destroyed if possession is surrender. *Jacobs* v. *Latour,* 15 E. C. L. 389; *Johnson* v. *Edson,* 2 Aik. 299; *Felker* v. *Emerson,* 17 Vt. 101.

Officers may recover of the attaching creditor a reasonable sum for time, service and expense incurred in keeping and caring for the property. *Addington* v. *Sexton,* 17 Wis. 337, 84 Am. Dec. 745; *Tarbell* v. *Dickinson,* 3 Cush. 345; *Campbell* v. *Phelps,* 1 Pick. 61.

MUNSON, J. The plaintiff, a deputy sheriff, sues to recover his fees and charges for serving the writ and securing and keeping attached property in a suit brought by the Savings Bank, defendant herein. The officer received the writ from the attorney for the bank, and attached some horses on it by lodging a copy in the clerk's office. After the writ was returned and docketed, he took the property into his possession in pursuance of instructions given him by the attorney. The horses were afterwards demanded by the holders of two chattel mortgages; and the attorney examined these claims, and thereupon directed the officer to release the property from attachment, which was immediately done. The officer's charges for copies and travel, properly itemized, were entered upon the writ when it was returned. His charges for securing and keeping the property have not been indorsed in any form. The suit is still pending.

The defendant claims that an officer's fees and charges are an incident of the suit in which the services are rendered, and cannot, in the absence of an arrangement for earlier payment, be recovered in advance of their adjustment in that suit; that the expense of keeping attached property is a charge against the debtor, and can be recovered of the creditor only upon a special undertaking; that in any event this plaintiff's charges for securing and keeping property cannot be recovered because not indorsed upon the writ.

V. S. 5366 provides that "for securing property attached on mesne process a sheriff * * shall be allowed a reasonable sum as fees, subject to the revision and allowance of the court." V. S. 1111 provides that "the officer serving process shall indorse thereon his fees and charges, * * * otherwise his fees shall not be allowed." The defendant refers to these sections, and cites in connection with them, *Dean* v. *Bailey*, 12 Vt. 142; *Felker* v. *Emerson*, 16 Vt. 653; *Houston* v. *Howard*, 39 Vt. 54; and *Harrington* v. *Hill*, 51 Vt. 44.

It is said in *Dean* v. *Bailey*, that when personal property is attached it is to be kept at the expense of the debtor, and that if the debtor settles with the creditor, so that no execution comes into the officer's hands, the officer may sustain an action against the debtor for the keeping. This case is referred to in *Felker* v. *Emerson* as holding that the rule in regard to property attached on mesne process is the same as that prescribed by the statute in the case of property taken upon execution—that it "shall be safely kept at the expense of the debtor." In *Houston* v. *Howard*, the attaching officer brought trespass against a claimant of the property attached for unlawfully removing it, and was held entitled to recover as damages an amount equal to the debt, costs and interest due upon the execution for the satisfaction of which the property was held. The officer's fees were originally returned in gross, but the items were endorsed before judgment was entered. The defendant insisted that these could not be included, but the court held their allowance proper, at least as against the defendant, he not being a party to the execution and standing in relation to the property as a trespasser. It is held in *Harrington* v. *Hill* that an officer selling property on execution is liable to the execution debtor for money retained as fees when the fees were not itemized in his return.

It is also said of the statute requiring the indorsement, "It can hardly be claimed that this language does not make the indorsement of his fees in the manner specified a condition precedent to his right to demand payment of them from the plaintiff in the process, or to retain them out of money of the defendant which may come into his hands, on the process." In distinguishing the case from _Houston_ v. _Howard_, the opinion refers, among other things, to the fact that in that case the officer had amended his return of fees so as to comply with the statute.

On the other hand, the plaintiff cites _Felker_ v. _Emerson_, 17 Vt. 101; _McNeil_ v. _Bean_, 32 Vt. 429; and _Baldwin_ v. _Shaw_, 35 Vt. 273. In the first of these cases, the owner of attached property, who had settled the suit, recovered in trover against the officer, who had refused to give up the property until paid for the keeping. It is said in the opinion that an officer making an attachment is the agent and servant of the plaintiff, and has an imperfect lien upon the property, which will be perfected by the recovery of final judgment, but which may be lost by a failure to prosecute or by the rendition of an adverse judgment; and that if the plaintiff settle the suit the officer will have the same claim upon him for his charges that he would have had if the lien had been lost by a final judgment in favor of the debtor. In _McNeil_ v. _Bean_, the avails of the execution sale were applied first in satisfaction of the officer's charges for keeping the property during the pendency of the suit, although they had not been taxed and included in the judgment, and this application was sustained. The court considered that inasmuch as the statute did not expressly require that such costs be taxed, or forbid their payment from the avails of the sale unless so taxed, the general and long continued practice to treat such charges as a lien upon the property when the attaching party recovered

judgment, might properly be permitted to determine the construction. The court intimated, however, that there was but little reason for treating these charges differently from other costs, and that but for this practice it might be considered better to require that they be taxed and included in the judgment. In *Baldwin* v. *Shaw*, the officer charged to the creditor the commission allowed for levying an execution, when the property was taken from him by a replevin suit so that there was no sale; and it was claimed that this fee could only be obtained from the avails of property sold. But the court considered that if the creditor employed an officer to do this service, and he was prevented from getting his pay from the proceeds of a sale on execution without fault on his part, the creditor must pay him.

It is evident that this officer has lost the opportunity to obtain his charges from the avails of an execution sale of the property, and this through the act of the bank and without any fault on his part. It seems equally clear that the creditor cannot require the officer to look to the debtor for his pay, when he has deprived the officer of the security which he held for the satisfaction of his claim as against the debtor. It must follow in such a case, whatever the holding may be where the lien is still subsisting, that the officer is entitled to look directly to the plaintiff for the payment of his charges, and that the question of the debtor's liability for the keeping is one for adjustment between the creditor and the debtor.

We are next to inquire whether the officer's recovery of the expense of the keeping is dependent upon its being returned as a part of his fees. Our latest discussion regarding the recovery of fees is that contained in *Harrington* v. *Hill*, and the views there expressed may seem inconsistent with the result arrived at in the earlier case of *McNeil* v. *Bean*. But it does not appear that the charges in *Harrington* v. *Hill*

included anything for the care of property, and if they did not there is nothing in the case that conflicts with *McNeil* v. *Bean.* In the latter case the court stated the defendant's claim to be that charges for keeping are like other taxable costs, which cannot be taken out of the avails of the sale unless taxed and included in the judgment; and the disposition of the case was a distinct holding that these are not like other costs. If held to be different from other costs as regards. a satisfaction through the lien, we see no reason for holding otherwise when demand is made of the plaintiff upon his discharge of the lien. The practice spoken of in *McNeil* v. *Bean* has now continued under the sanction of that opinion nearly half a .century longer, and the reasons then advanced in support of the construction adopted must be quite as potent in favor of a retention of that construction. There has been no change in the phraseology of the statute upon which to base a change of holding.

But the charges considered in *McNeil* v. *Bean* were for the keeping of property. Included in the plaintiff's bill is a separate item for securing the property. This was for assistance in taking possession of the property subsequent to the making of the attachment and the return of the writ. The law formerly provided that certain classes of personal property, not easily removable, might be attached by lodging a copy of the writ in the clerk's office, but in all other cases it was necessary to take the property into possession. G. S. ch. 33, §§ 25, 27. As the law now stands all personal property may be attached by copy, and it is provided that when property has been attached by copy, the officer "shall thereafter remove the property so attached or take it into his possession whenever the care, safety or preservation of the property so requires." V. S. 1103, 1105. The statute seems to admit of a reasonable distinction between the securing of prop-

erty to perfect the attachment, and the securing of it subsequent to the completion of the service.   In the latter case it is done in the necessary care of the property, and naturally goes with the keeping rather than with the service.   The justness of this distinction is also indicated by the fact that the writ is not in the officer's hands when the subsequent charges accrue.   We hold that charges incurred in securing property subsequent to the completion of the service and return of the writ, may be recovered without having been indorsed.

It remains to inquire whether the suit is premature.   It is a frequent, and perhaps the usual, practice of officers to leave their right to demand payment from the creditor in abeyance until the termination of the suit, and if the plaintiff recovers and execution issues, to deduct their fees and charges from the amount collected.   The language of some of our opinions is evidently due to the court's recognition of this practice; but we find no intimation in any case that the officer cannot proceed against the creditor until the suit is ended. If there is any exception as regards charges for the keeping of property still under attachment, the charges in this case are not within it.   It is plainly implied in *Carlisle* v. *Soule,* 44 Vt. 265, and in *Dix* v. *Batchelder,* 55 Vt. 562, that an officer may require the payment of his fees before taking a writ for service.   If the officer may insist upon having his fees in advance, it may well be held that when he waives this right he is entitled to demand his fees as soon as the work is done.   There is nothing in a waiver of prepayment that can justify the inference of an agreement to wait until the final determination of the suit.   It is not necessary that the officer await the event of the suit in order that his fees may be approved by taxation if the plaintiff recovers.   It is evident that in speaking of an allowance by the court, the statute does not

refer solely to an allowance by the court where the suit is
pending. The amount of fees recoverable can be ascertained
in any court where the question arises, as will be seen by a
reference to our cases where fees have been collected or over-
charges recovered. Even when the fees have been taxed and
allowed against the debtor, this is not treated as a conclusive
determination of the amount as between the officer and the
creditor. *Johnson* v. *Burnham,* 22 Vt. 639. We find no
obstacle in the way of a present recovery.

*Judgment affirmed.*